Pbaeson, J.
 

 This was a case, for an injury done to the plaintiff’s horse by the defendant’s bull. The plaintiff proved, that a bull of the defendant, while running at large, gored his horse and killed it. One Cannady swore, that before the horse was killed, he was giving salt to a cow, when the bull came up — whereupon the bull made after him and forced him to jump on a fence near at hand, and he stated these facts to the defendant and told him, he would have .shot his bull, if he had had a gun.
 

 The Court charged, that it was not necessary to shew, that the defendant had knowledge of a vicious habit of the animal by proof of many acts, but that knowledge of one vicious act, shewing him to be dangerous, would be suf« ficient to render the defendant liable, and that the testi
 
 *270
 
 mony of Cannady did bring home to the defendant such a knowledge of the vicious propensities of the animal, as would require him to prevent the animal from going at large, and, so far as this point was involved, the jury would be authorised to find for the plaintiff.
 

 The defendant excepts to this charge. We concur in the general proposition, that the allegation in the declaration, that the bull had a vicious habit and was accustomed to do mischief, which was known to the defendant, ma}' be sustained by proof
 
 of
 
 a single act, provided it be of such a nature and is committed under such circumstances, as to satisfy the jury, that the animal was vicious and too dangerous to be allowed to go at large. Such fact- coming to the knowledge of the owner, is notice sufficient to put him in the wrong, and make him liable for the consequences of his neglect to keep the animal confined.
 

 The cases cited by the plaintiff’s counsel fully sustain this position,
 
 Jenkins
 
 v.
 
 Turner,
 
 1 Ray. 109, 3 Car. & Pa. 138. 1 Bar. & Ald. 620. 1 Holt 617 Leigh
 
 nisi prius
 
 552. Buller
 
 nisi prius
 
 77, 2 Esp. Rep. 482. One act may sometimes furnish as convincing proof of the vicious-liess of an animal as a dozen, and the jury are, therefore, allowed to make the inference from a single act. The idea, that the owner is not liable until the mischief has been known by him to be repeated time after time, is absurd; how many horses, must the owner know his bull to have killed, before he becomes liable? The rule is, that as soon as the owner knows or has good reason to believe, that the animal is likely to do mischief, he must take care of him ; it makes no difference whether this ground of suspicion arises from one act or from repeated acts. The only restriction is, that the act done, must be such as to furnish a reasonable inference, that the animal is likely to commit an act of the
 
 kind complained
 
 of.— This explains the case, in which it is held, that an action against the owner of a dog for killing a sheep, is not sus
 
 *271
 
 tained by proof of a
 
 scienter,
 
 that the dog had bitten a man, without adopting the suggestion made by the defendant’s counsel, that the “old cases” favored dogs, more than useful animals. Upon the same principle, an action could not be sustained against the owner of a hog (a useful animal) for injury to the person of the plaintiff, by proof of a
 
 scienter,
 
 that the hog would eat young chickens and ducks.
 

 We think, there was error in the particular proposition, laid down in reference to the effect of the testimony of Cannady.
 

 When the owner knows or has reason to believe that an animal is dangerous, on account of a vicious propensity in him, from nature or habit, (a term used to denoto an acquired as distinguished from a natural vice,) it becomes his duty to take care, that no injury is done ; and he is liable for any injury, which is likely to be the result of this known vicious propensity. But whether there be sufficient evidence of this vicious propensity, whether a single act, and the attending circumstances are such, as to justify the inference, are matters, in reference to which the jury must enquire.
 

 If a dog is known to have killed one sheep — a jury would be able, from their knowledge of that animal,
 
 to
 
 infer, that he would kill another, if an opportunity presented itself. If so, the owner would, in law, be liable. But if a dog is known to have bitten a man, a jury would not be apt to infer that he would kill a sheep, because the one act proceeds from voraciousness, the other from combativeness, and fierce dogs are not so apt to be sheep killing dogs. If a bull so far loses sight of his submission to the “dominion of man,” as on one occasion to rebel and offer combat, it does not follow, as a
 
 matter of course,
 
 that he would be likely to attack a horse, and that fact must be decided by the jury, from the nature of the animal, (he provocation and other circumstances attending the act.
 
 *272
 
 It was error for the Court
 
 to
 
 decide “that the testimony of Cannady did bring home to the defendant such a knowledge of the vicious propensity of the hull,” as would make him liable.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.