J. T. HARRIS v. B. J. FISHER et. al.

*Action for Damages—Ferocious Dogs—Ownership of—Knowledge by Principal of Ferocity of Agent's Dog.*

If the owner of premises, having knowledge of the vicious and dangerous character of a dog, owned by his agent, permits the dog to run at large on the premises, he is liable for any damage that may be done by the dog to a passer-by. It would be otherwise if only the agent and not the principal had such knowledge, for the knowledge of the agent, not being within the scope of the agency, would not be the knowledge of the owner of the premises.

ACTION for damages alleged to have been caused by the dogs of the defendants, tried at Fall Term, 1894, of Randolph Superior Court, his Honor *Judge Bryan* presiding.

There was evidence on the part of the plaintiff tending to show that the defendants were the owners, and one Bevins the keeper in charge, of what was known as the "Randolph Kennels," the defendants having established the same for the purpose of keeping, training and raising dogs; that among the dogs kept on the premises, not by the "Kennels," there was a large black colley dog, the property of Bevins' wife, as claimed by the defendants, which with other dogs were allowed to run at large; that there were some dogs that

were not allowed to go out except for the purpose of exercise and training by Bevins, who resided at the place, and whose duty it was to keep and take care of the dogs. The defendant Wainman resided in the neighborhood, about one mile from the kennels, and the defendant Fisher was seen often at the place where the dogs were kept, which was on the public road, about seventy-five feet from said road.

There was evidence on the part of plaintiff that the said colley dog and three or four, and sometimes a greater number of said dogs, in the spring and early summer prior to the time of the accident complained of, had, on various occasions, been allowed to run at large about the premises, and frequently attacked people and horses and frightened them, while passing along the said road near which the said kennels were located, and that these facts were known to said Bevins, the same happening in his presence on several occasions and the dogs being called off by him.

That on the 22d day of June, 1892, as testified to by the plaintiff, he was riding a mule along said road with a blind bridle on, and a saddle without a girth, as had been his custom for a long while, and that as he passed in front of said place, the colley dog and three other grown dogs which were lying on the side of said road, in full view of the house, sprang up, barked and ran into the public road at the mule, making a great noise, and bit the heels of his mule, causing him to kick up with great violence and throw the plaintiff out of his saddle on the neck of the mule; that the mule instantly turned around in the road and threw the plaintiff with great force against the embankment at the side of the road; that by this fall his hip-bone at the joint was broken, besides other bodily injuries received by him, and that he was disabled for life thereby; that he suffered severely at the time, and still suffers from said injury, and has to go upon crutches.

On the part of the plaintiff, expert witnesses testified that the injuries received by the plaintiff were permanent, he being seventy years of age at the time of the accident.

On the part of the defendant the evidence was that the kennel was established for bird dogs only, and tending to show that on the day of the accident and immediately before the same the colley dog and three four-months old pointers were playing in the yard with the children, and that as the plaintiff was passing by the colley dog jumped the fence, crossed the road behind and within three feet of the plaintiff's mule, that the mule kicked at the dog, threw the plaintiff off, and the dog went into the woods on the other side of the road; that shortly before the accident Bevins had nailed up the gate to the yard to keep the puppies from going out of the yard, and that on this particular day the said puppies did not and could not go out of the yard; that at the time of the accident every dog belonging to the kennel, other than the three pointer puppies, were closely confined in the enclosure prepared for them, and did not nor could they get out of the same.

There was evidence on the part of the defendants tending to show that the defendants and Bevins were partners or joint owners of the dogs, and that the wife of Bevins owned the colley, and that the puppies were three months old.

At the close of the testimony the defendants, in writing, asked his Honor for the special instructions, a copy of which is hereto attached as a part of this case, which he gave as requested, excepting the fifth, which he amended by inserting after the words " defendants' dogs " the words " or those over which the defendants or their agent or partner had control as such living on the place," and the defendants insisted to his Honor that though the jury should find that the pointer puppies ran out with the colley, yet if the mischief was occasioned by the colley biting the mule, only the owner of said colley would be responsible for the injury, and that.

though the puppies were in company with the colley, that each owner is responsible for the injury done by his own dog, and no more.  His Honor did not concur in this view of the law, and reduced his instructions to writing.

The plaintiff asked a witness, who had testified that the dogs ran out in front of his mule and barking and snapping at the head of the mule, " What appeared to be the temper and disposition of the dogs when they ran out?"

The defendants objected to the question and answer.  His Honor admitted the testimony, and defendants excepted.

The witness answered, "They seemed a little ill."  The defendants offered testimony as to the temper and disposition of the dogs, without objection on the part of the plaintiff.

The jury found the issues in favor of the plaintiff.

The appellant assigned for errors the admission of the testimony objected to, the refusal of his Honor to give the fifth instruction as requested, and the giving of the instructions as amended by him, and his failing to instruct the jury that each owner was only responsible for the injuries done by his own dog, as insisted upon.

*Mr. L. M. Scott*, for plaintiff.
*Mr. J. N. Wilson*, for defendants (appellants).

CLARK, J.:  The evidence objected to was properly admitted. It was corroborative of the evidence as to the bad character of the dogs, and also tended to confirm plaintiff's version of the manner of the accident.  Defendant, however, further excepted to the addition by the Court to the fifth prayer for instruction.  By that addition the Court, in effect, charged the jury that the defendants were liable, if the injury was caused by dogs belonging either to the defendants or their agent living on the place, if said dogs were ferocious and mischievous, and so known to be by the defendants.  The defendants placed much stress on the fact that one of the

HARRIS *v.* FISHER.

dogs, the colley, belonged not to defendants but to their agent's wife, and the ownership of the colley being not within the scope of his agency, his knowledge of the character of the colley owned by his wife was not the knowledge of the defendants. But that point is not presented by the addition to the charge, which is, that if the dogs were ferocious and mischievous, and that fact was known to the defendants, whether the dogs were owned by them or their agent living on the place, the defendants would be liable. This must be so. If the defendants, knowing the dog was vicious and dangerous, permitted their agent to retain him in company with their other dogs, at a place on the side of the road where he would be likely to commit damage to passers-by, and he does so, the principal is liable. 1 Am. and Eng. Enc., 584. It would be otherwise if the agent owning the dog knew he was dangerous but the owner of the premises did not, for the knowledge of the agent not in the scope of the agency is not the knowledge of the principal. The ownership of the dog in such case is not within the agency. Here, however, the instruction excepted to is that if the owner of the premises, having knowledge of the vicious and dangerous character of a dog owned by his agent, permits said dog to run at large on his premises, said owner of the premises is liable. As to the third exception, the Court charged in substance as prayed by defendants.

No Error.