### B. M. HALLYBURTON v. BURKE COUNTY FAIR ASSOCIATION.

*Action for Damages—Injuries Caused by Unruly Animal—Liability of Owner—Negligence—Contributory Negligence.*

1. In order that the owner of a domestic animal can be charged for injuries inflicted by it, it must be shown that he had knowledge of the fact that the animal was vicious and unruly.

2. The owner of a horse not known to be vicious, dangerous or unruly, who enters him for a race in charge of a good and expert rider, is not responsible in damages for an injury to a spectator caused solely by the unforeseen unruliness of the horse, which, in the excitement of the race, bolts the track, especially when safe and suitable places are provided from which the race may be seen by spectators.

3. A fair association, under whose auspices and on whose grounds a horse-race took place, is not negligent and therefore responsible for an injury caused to a spectator by a horse which bolted the track, when it appeared that such association had provided a building from which the race could be safely viewed, and had inclosed the race-course on both sides by a substantial railing.

4. Plaintiff, with others, was sitting on the railing by the side of a race-track, and heard but did not heed the warnings of a herald announcing to the crowd that it was dangerous to sit upon the railing and telling them to "stand back," as the

HALLYBURTON *v.* FAIR ASSOCIATION.

race was about to take place. In consequence of his not changing his position he was hurt by a race-horse which bolted the track; *Held*, that, even if the managers of the race had been negligent, plaintiff was guilty of contributory negligence and cannot recover.

CIVIL ACTION, for damages, tried before *Brown, J.,* and a jury, at May, 1896, Special Term of McDowell Superior Court. The facts are sufficiently stated in the opinion of Associate Justice MONTGOMERY.

*Mr. E. J. Justice,* for plaintiff (appellant).

*Messrs. S. J. Ervin, Edmund Jones, Avery & Ervin* and *W. C. Newland,* for defendants.

MONTGOMERY, J.: The plaintiff in his complaint alleged that Hinkle, Craig & Co. and T. L. Craig, at the fair held by defendant, the Burke County Fair Association, at Morganton, in October, 1891, were permitted and allowed by the fair association to enter and run a horse which they knew to be wild and dangerous and untrained, in a race upon the course of the defendant association; that the defendant association, knowing, when they permitted the other defendants to enter and run the horse, that he was wild and dangerous and untrained, had failed and neglected to have the race-course enclosed by a proper fence or guard so as to provide against accidents to persons who were witnesses of the race; and that, by reason of such negligence, the horse bolted the track, knocked down the railing and ran over and injured the plaintiff, who was a spectator (having paid his entrance fee) standing where visitors to the fair usually stood when witnessing the racing. The defendants, while admitting the serious injury of the plaintiff by the horse, which they admitted belonged to Wilson & Craig, denied the other material allegations

of the complaint and averred that the plaintiff, by his being drunk and standing where he ought not to have been, contributed to and caused his own injury.

When the evidence was concluded the court intimated that the testimony did not show negligence on the part of any of the defendants, and that in no view was the plaintiff entitled to recover. There was judgment of non-suit and the plaintiff appealed.

There was no error in the conclusion of the court. We find no evidence tending to show that the horse was wild or dangerous, but on the contrary the witness Hinkle testified that he was gentle, and although it appeared that he had never entered a race before that, yet he had never been known to jump the track or swerve before. There was no evidence that either of the defendants, at the time the horse was entered, or at the time of permitting him to be entered or run, had any knowledge that he was wild, dangerous or untrained. Before the owner of a domestic animal can be charged for injuries inflicted by it, it must be shown that the owner had knowledge of the fact that the animal was vicious or unruly. *Harris* v. *Fisher*, 115 N. C., 318. In addition, the owner of the horse had him ridden by an excellent horseman. The plaintiff's witness Atkins testified that the rider Hancy was " a good rider, no better in the State." We cannot see how it can be reasonably intended that the owner of a gentle horse, or of a horse not known to be vicious or dangerous or unruly, who enters him for a race in charge of a good and expert rider, can be responsible in damages for an injury to a spectator, caused solely by the unforeseen unruliness of the horse, more especially where safe and suitable places are provided from which the race might have been seen. Such an injury must be regarded as an accident.

There is no testimony going to show negligence on the

part of the defendant association. It seems that a building called the grand stand, from which the race could be viewed, had been erected on the grounds. The race-course where necessary. was enclosed on both sides by a good pine railing, 2 by 4 inches, nailed to posts planted in the ground and three and a half or four feet high. We think that these precautions taken and provisions made for the safety and comfort of its visitors by the association were reasonably safe and suitable. And that is the degree of care which the law requires of them. *Hart* v. *Park Club*, 157 Ill., 9.

It may be unnecessary to the decision of this case to consider the matter of contributory negligence on the part of the plaintiff, but it may be proper to observe that, if the defendants could possibly be considered negligent under any view of the case, the plaintiff could not recover because it plainly appears by the undisputed testimony that he caused and contributed to his own injury. The plaintiff's witness, Campbell, who was policeman and marshal, testified that he announced to the crowd, standing where the plaintiff was, that the race was coming off and to get back from that point, to get off the rail. He told them it was dangerous there, and that they might be hurt, and the plaintiff himself testified that he "heard the marshal halloo out, 'Stand back'." But he did not change his position. Upon a review of the whole testimony we are of opinion that his Honor was correct in holding that the plaintiff could not recover.

No error.

AVERY and FURCHES, JJ., did not sit on the hearing of this case.