LENA MORRISON *vs.* UNION PARK ASSOCIATION.

York.     Opinion April 7, 1930.

*Cecil J. Siddall,*
*Edward S. Titcomb*, for plaintiff.
*William E. Rogers,*
*Willard & Ford,* for defendant.

SITTING: PATTANGALL, C. J., STURGIS, BARNES, FARRINGTON, JJ.

STURGIS, J. Review on general motion and exceptions of action of negligence to recover damages for injuries received by the plaintiff at the annual fair and agriculture exhibition conducted at Acton, Maine, by the defendant Association.

On the afternoon of October 5, 1927, the plaintiff, a patron of the fair, attracted by the races then in progress, approached the fence shutting off the track from the main fair grounds and joined a group of spectators standing near but outside of the gate provided for the entrance and exit of the race horses. Just as she reached the gate, a running horse, finishing its race, jumped the gate and, in landing, hit the plaintiff. She was painfully and seriously injured.

The declaration inserted in the writ contains two counts. At the conclusion of the evidence, however, the plaintiff elected to rely only on her second count, and the case was submitted to the jury on the following allegation of negligence:

"The Plaintiff avers that she was then in the exercise of due care in relation to her conduct and safety but that notwithstanding her due care as aforesaid and solely on account of the negligence of the Defendant in that said Defendant had knowledge or by reasonable diligence should have known that a certain horse then racing on said track was a vicious and ugly horse and not suited or a proper animal to race on said track in that said horse had previously, unknown to said Plaintiff, jumped through or over said fence or gate guarding said track, and the Plaintiff avers that said horse, although unsuitable to race on said track, as aforesaid, was permitted to race thereon and, while so racing, jumped through or over said gate or fence and upon said Plaintiff whereby she was seriously injured, etc."

The defendant Association was the proprietor of a public exhibition. The plaintiff, having admittedly paid admission, became its invitee, and it was charged with the duty of using reasonable care to see that the fair in all its parts was in a reasonably safe condition for the use of its guests and was so kept and, if the races were of a character to jeopardize the safety of the plaintiff, the duty was cast upon the Association to take due precautions to guard her from injury. *Easler* v. *Amusement Co.*, 125 Me., 334; *Hoyt* v. *The Fair Association*, 121 Me., 461; *Thornton* v. *Agri. Soc.*, 97 Me., 108. This was the measure of the duty of the Association whether the horses were managed by it or its officers, or, with their permission, by licensees, independent contractors, or lessees. *Thornton* v. *Agri. Soc.*, supra. No less so, we think, when the horse is managed by the exhibitor, who is in law an invitee. *Hoyt* v. *Fair Association*, supra.

The duty of the Association to guard the safety of its guests includes but does not end with taking precautions against dangers of which it has actual knowledge. Its duty extends also to dangers which it should reasonably foresee or anticipate. *Thornton* v. *Agri. Soc.*, supra; *Redmond* v. *The Horse Show Association*, 138 N. Y. S., 364. Nor does ignorance of dangers which could have been discovered or anticipated in the exercise of reasonable care excuse it. Negligent ignorance in law is the equivalent of actual knowledge. *Easler* v. *The Amusement Co.*, supra; *Stedman* v. *O'Neil*, 82 Conn., 199; 45 Corpus Juris, 653.

Horse races are of necessity attended with some risks and dangers not only to the drivers and riders but to those who are present as spectators. A broken harness or saddle may make a runaway or a fall may throw a horse or rider off the track. Race horses sometimes "bolt" or jump the track. These and other incident risks are well known or ought to be, must be anticipated by those who conduct races and reasonable care taken that no injury result to invited spectators.

The proprietors of a fair are not, however, insurers of the safety of their guests. In the exercise of the reasonable care demanded of them, they are not required to exclude from their grounds all sports or exhibitions which involve risk of injury to

their guests. The horse and cattle show and the races, the ball game and balloon ascension or aeroplane flight, with fireworks in the evening, incidents, in part at least, of all fairs, are each attended by dangers to spectators, known or reasonably to be anticipated by those charged with the conduct of the exhibition. And it is generally held that, if such risks or dangers are safeguarded by such location, stands, barriers, or guards and warnings as the situation reasonably demands, the duty of the proprietors is performed. *Crane* v. *Exhibition Co.*, 106 Mo. App., 301 ; *Hallyburton* v. *Fair Association*, 119 N. C., 526; *Reisman* v. *Public Service Corporation*, 82 N. J. L., 464; *Roper* v. *Agri. Soc.*, 120 N. Y. S., 644 ; *Redmond* v. *The Horse Show Association*, supra.

The opinion of this court in *Easler* v. *Amusement Co.*, supra, goes no further. It is there said, "If games and sports of a character to jeopardize the safety of those who were present at the defendant's invitation were permitted, the duty rested upon the latter to take due precaution to guard against injury to the spectators. Its duty was not merely a passive one of refraining from authorizing such games and sports. It had an active duty to use reasonable care to prevent the same or see to it that due precautions were taken."

Exhibitions may, of course, be of such a character or so conducted that, the only due precaution against injury from them to spectators, would be to bar them from the grounds or prohibit the uses and agencies from which the danger arises. Of this class is the firing of heavy charges in rifles. Permitting the discharge of heavy ammunition at public exhibitions has been held negligence in itself. *Thornton* v. *Agri. Soc.*, supra; *Dietze* v. *Riverview Park Co.*, 181 Ill., App. 357.

A careful examination of the evidence does not, however, take this case out of the general rule. The horse in previous workouts had attempted to leave the track when it came to the gate where it had come in. In the hands of a skillful reinsman, it was turned back. Driven by another rider, it went through or over the gate as it did in the race. In all other respects the horse was kind, gentle and tractable, but nervous on the track. It was a saddle horse and unused to racing.

The plaintiff's contention is that the officials of the fair knew or ought to have known of the habit of the horse to try to leave the track when it reached the gate and, possessed of that actual or constructive knowledge, could only take due precautions for her safety by keeping the horse off the track. Assuming that this knowledge existed, and there is some evidence tending to prove it, we are not convinced that permitting the horse on the track was in itself negligence. It does not appear that barriers would not have kept the plaintiff away from the gate or that officers, by warnings, could not have accomplished the same result. It may be that the gate, built or located differently, would have prevented the accident or that other suitable and sufficient precautions might have been adopted so that a reasonably safe place would have been furnished and maintained from which the plaintiff could have viewed the race and the part this horse played in it. By taking such of these precautions as might have been found reasonably necessary under the circumstances, the defendant could have performed its full duty to the plaintiff. It was not necessary to bar the horse from the track.

The plaintiff has elected, however, to rest her case upon her specific averment of negligence on the part of the defendant in permitting the horse on the track with knowledge of its habits. The case was tried and submitted to the jury on this single issue and recovery is limited accordingly. If there were negligence on the part of the defendant, it lies in acts or omissions not here in issue. The motion must be sustained.

The common law liability of the owner or keeper of a domestic animal, known to be vicious, is not here involved. Except to note that instructions under that rule of law were foreign to the issue and not prejudicial, a consideration of the Exceptions is unnecessary.

*Motion sustained.*
*New trial ordered.*