MIKE PLUMIDIES v. E. J. SMITH.

(Filed 25 November, 1942.)

**1. Animals § 3—**

To recover damages for injuries inflicted by a domestic animal two essential facts must be shown: (1) that the animal was dangerous, vicious, mischievous, or ferocious, or one termed in law as possessing a vicious propensity; and (2) that the owner or keeper knew or should have known of the animal's vicious propensity, character and habits.

**2. Appeal and Error § 40e: Negligence § 19a: Trial § 22—**

On motion to nonsuit, the plaintiff is entitled to the benefit of every fact and inference of fact pertaining to the issues involved, which may reasonably be deduced from the evidence.

**3. Animals § 3:  Negligence § 19a—**

    Where, in an action against the owner for injuries inflicted by his dog, plaintiff's evidence showed that for a year or more the dog, when plaintiff came to deliver papers, would run towards and bark at plaintiff so viciously that the owner would have to call the dog off, that the dog bit plaintiff's brother and was given away by defendant on account of its vicious character.  *Held:* Judgment of nonsuit was error.

APPEAL by plaintiff from *Olive, Special Judge,* at Special March Term, 1942, of MECKLENBURG.

Civil action to recover damages for injuries· inflicted by defendant's dog.

The complaint alleges that on the afternoon of 13 June, 1940, the plaintiff, a boy twelve years of age, was delivering papers in the city of Charlotte, near the defendant's home; that the defendant kept, harbored and allowed to run at large a Saint Bernard dog, which attacked and bit the plaintiff and seriously injured him; that the dog was mischievous, possessing a vicious propensity, and that this was known to the defendant.

Plaintiff testified: "At the time the dog bit me I was carrying Mrs. Robinson's paper, who lives two houses away.  About every day the dog would bother me.  I would see him four or five times a week.  He would always bark at me and make at me like he was going to bite me. I saw him bite my brother.  I don't know whether he bit him, but he snapped at his pants' leg and made a blue place.  That was about a year before.  The dog was running loose in that section."

W. J. Wentz testified: "I was acquainted with the dog owned by Mr. E. J. Smith.  It was a St. Bernard, 36 inches around the neck, and weighed 170 pounds. . . ·.  They knew that I loved dogs and gave him to me to find a good home for him.  He had so many complaints against him. . . . I know the reputation the animal had in the community for viciousness and being fierce, and it was bad."

John Plumidies, plaintiff's brother, testified: "At the time the dog attacked me, both Mr. and Mrs. Smith were on the front porch in front of his home. . . . We would come down there and if the dog was out and Mrs. Smith wasn't around, we would first wait, and the way he was barking when he would first see us we would be two or three houses away and he would start barking, she would come out and usually stop him. . . . If Mr. Smith was at home he would come out and stop him. That lasted for a period of about a year, or maybe more.  I was there when they gave the dog away."

There was contradictory evidence on behalf of the defendant in respect of the. character and habits of the dog, and a denial of any knowledge of its vicious propensity.

From judgment of nonsuit entered at the close of all the evidence, the. plaintiff appeals, assigning errors.

McKenzie v. Gastonia.

*Henry L. Strickland for plaintiff, appellant.*
*McDougle & Ervin for defendant, appellee.*

Stacy, C. J.   The principles here applicable are well settled.

First.   To recover for injuries inflicted by a domestic animal, in an action like the present, two essential facts must be shown: (1) that the animal was dangerous, vicious, mischievous, or ferocious, or one termed in law as possessing a vicious propensity; and (2) that the owner or keeper knew or should have known of the animal's vicious propensity, character and habits.   *Hill v. Moseley,* 220 N. C., 485, 17 S. E. (2d), 676; *Banks v. Maxwell,* 205 N. C., 233, 171 S. E., 70; *Rector v. Coal Co.,* 192 N. C., 804, 136 S. E., 113; *S. v. Smith,* 156 N. C., 628, 72 S. E., 321; *Hallyburton v. Fair Assn.,* 119 N. C., 526, 26 S. E., 114; *Harris v. Fisher,* 115 N. C., 318, 20 S. E., 461; *Cockerham v. Nixon,* 33 N. C., 269.   See, also, *Lloyd v. Bowen,* 170 N. C., 216, 86 S. E., 797.

Second.   On motion to nonsuit, the plaintiff is entitled to the benefit of every fact and inference of fact pertaining to the issues involved, which may reasonably be deduced from the evidence.   *Diamond v. Service Stores,* 211 N. C., 632, 191 S. E., 358; *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356.

Applying these principles to the facts in hand, it would seem that the issues were properly for the jury.   The plaintiff and his brother had contrived to shun the defendant's dog for a year or more, while delivering their papers.   This was known to the defendant.   So many complaints were made against the dog that the defendant finally gave him away. He had attacked the plaintiff's brother a year before, which was also known to the defendant.   Taken in its entirety, the evidence appears sufficient to warrant an inference of the essential elements of liability. The case is one for the twelve.

Reversed.