## ATLANTIC GREYHOUND CORPORATION
### v. HUNT et al.
### No. 5605.

Circuit Court of Appeals, Fourth Circuit.

July 16, 1947.

Writ of Certiorari Denied Nov. 10, 1947.

See 68 S.Ct. 154.

Roy L. Deal and Fred S. Hutchins, both of Winston-Salem, N. C. (Deal & Hutchins, of Winston-Salem, N. C., on the brief), for appellant.

William M. Allen and Hoke F. Henderson, both of Elkin, N. C. (Allen & Henderson, of Elkin, N. C., J. H. Whicker, J. H. Whicker, Jr., and Whicker & Whicker, all of North Wilkesboro, on the brief), for appellees.

Before PARKER, and DOBIE, Circuit Judges, and CHESNUT, District Judge.

DOBIE, Circuit Judge.

The collision of a bus and an automobile gave rise to four civil actions, all based on allegations of the negligence of Atlantic Greyhound Corporation, the defendant bus company and appellant here. There were four small children riding in the automobile, three of whom were seriously injured, and the fourth, an infant sister of the others, was killed. Each of the surviving children brought a civil action in which Walter Hunt, the father (and driver of the automobile), appeared as next friend. The fourth civil action was instituted by Walter Hunt as administrator of his deceased child's estate. By consent all four civil actions were consolidated for trial.

The jury returned verdicts for the plaintiffs and awarded damages totalling $21,000. Judgments were entered accordingly, except that the judgment in favor of the administrator was reduced by that amount which he (in his own person) would receive as distributee, the court ruling Hunt guilty of contributory negligence as a matter of law.

Atlantic Greyhound challenged the lower court's ruling refusing a directed verdict and alleged error in the court's refusing a charge on the doctrine of proximate cause as related to "insulated negligence." We have, therefore, two dominant questions before us: (1) whether there was sufficient evidence of the defendant's negligence to take the case to the jury; and (2) whether the jury was correctly and completely instructed as to proximate cause with particular regard for the doctrine of "insulated negligence."

The accident occurred about 7 p. m. on July 31, 1945, in the town of Ronda, North Carolina, at the intersection of State Highway No. 268 and Traphill Road. Traphill Road descends from the north and dead-ends (towards the south) into No. 268, the latter running approximately east and west. The point of intersection on No. 268 is part of a 4½ degree curve so that the topography of Traphill Road resembles the spoke of a wheel. There is a stop sign on Traphill Road 94 feet from Highway No. 268. The mouth of Traphill Road entering the intersection is 96 feet wide.

On the left, as one leaves Traphill Road and enters the intersection, there is a bank eight feet high. Because of this bank, one would have to be within a few feet of No. 268 before any westbound traffic would come within the range of vision. A church is situated across No. 268 from the intersection. Services which were being held in the church at the time of the accident attracted a congestion of parked cars along the south side of Highway No. 268. It might be added that photographs in the record make it perfectly clear—if

the foregoing does not—that this was a very dangerous intersection.

Walter Hunt, accompanied by his wife and four children, drove his automobile, admittedly with faulty brakes, down Traphill Road toward the intersection. He testified that he stopped, although there is a dispute as to that, and it is not clear as to the precise point on Traphill Road at which he stopped his car. Hunt entered the intersection and completed a left turn. Almost instantly thereafter the bus, traveling from the east, struck the Hunt car.

Atlantic Greyhound contends that the only scrap of evidence suggesting negligence on its part was the testimony of one witness who said that the bus was traveling 30 miles per hour, which was a few miles in excess of the local speed limit; whereas several other witnesses testified that the bus was not exceeding the prescribed speed limit. It is counsel's position that it is palpable error to place liability upon the defendant and to link the full, onerous responsibility of this tragic accident to such a slim and dubious technicality. If such were the case, the bus company might well be aggrieved, but we think it clear that such was not the case, for there were many additional features in the evidence to justify jury determination. Brief reference will be made to some of this evidence.

It was uncontradicted that the Hunt car was in the intersection first. In fact, most of the credible testimony put the bus more than 20 feet from the Hunt car after Hunt made the turn. There were physical scars on the road surface which conclusively fixed the point of collision on Hunt's side of the highway, that is, on the south side, so that the bus was on the wrong side of the road at the moment of impact. Coupled with this was the violence of the impact which knocked, or forced the Hunt car to travel, 60 feet after the collision in a direction opposed to the direction in which it had been traveling. From this, too, certain inferences could be drawn as to the speed of the bus, irrespective of the conflicting oral testimony. There were skid-marks made by the bus which indicated that no effort was made to apply the brakes of the bus until or after the collision, and this when considered with the severity of the crash gives rise to inferences of negligence in handling the bus and in keeping it under control.

All of this becomes more significant in view of the testimony of the driver that he was familiar with the intersection. Charged with this knowledge, he not only failed to anticipate the possibility of a car emerging from Traphill Road but he also failed to take steps to yield the right of way upon finding a car in the intersection. And it was for the jury to consider also whether the exercise of reasonable care, with due regard for the dangerous nature of this intersection, would not have dictated a decision to cut to the right into Traphill Road, in an effort to avoid the Hunt car, instead of turning into the path of the Hunt car, as did the driver of this bus. This was defended on the grounds of an emergency, which was submitted to the jury under that theory.

Rules of the road which ordinarily operate in one's favor exist only with the sanction of common sense and reasonable care. The protection of such rules is forfeited when there has been an overt disregard of a manifest danger in highway travel. Groome v. Davis, 215 N.C. 510, 2 S.E.2d 771; Swinson v. Nance, 219 N.C. 772, 15 S.E.2d 284; Weakley v. United States, 4 Cir., 158 F.2d 703. And see Baltimore & O. Ry. Co. v. Deneen, 4 Cir., 161 F.2d 674, for a recognition of corollary principles. Thus, despite the evidence of Hunt's negligence and the fact that Traphill Road was servient, the question of whether there was negligence of the defendant which was the proximate or concurring cause of the accident was for the jury, under proper instructions. It is, of course, too well settled to bear discussion that upon the motion for directed verdict the plaintiff is entitled to have the evidence reviewed in the light most favorable to him, with every reasonable intendment and every reasonable inference. Plumidies v. Smith, 222 N.C. 326, 22 S.E.2d 713; Queen City Coach Co. v. Lee, 218 N.C. 320, 11 S.E.

120

2d 341; Garrison v. United States, 4 Cir., 62 F.2d 41. When the evidence is summarized in the light of these principles, we conclude that there was ample evidence to submit the case to the jury.

Atlantic Greyhound also depended upon the theory that while Hunt's negligence might not be imputed to the children, it was, nevertheless, the sole proximate cause of the accident. It is said that in refusing a charge on "insulated negligence," the court erred because the instructions as given did not fully comprehend this defense.

■ This phrase of "insulated negligence" seems established in North Carolina practice. See Butner v. Spease, 217 N.C. 82, 6 S.E.2d 808, and Reeves v. Staley, 220 N.C. 573, 18 S.E.2d 239. Insofar as this doctrine depends upon uncontroverted facts, it is not here controlling because most of the material facts in this case were in controversy. The two cases last cited, relied on by the bus company, do not govern this case for that reason. This doctrine, which more ancient courts explained by differentiating condition and cause (see Clark v. Chambers, 3 Q.B. 327, and Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U.S. 469, 24 L.Ed 256), is, in essence, nothing but a specific application of the theory of proximate cause. We think this was fully and ably covered in the court's charge.

■ The court's instructions, of necessity, were quite long and no useful purpose would be served in repeating the entire charge. Two or three pertinent extracts clearly show that the substance of the requested instructions was given and that Atlantic Greyhound was in no way prejudiced by the court's refusal to give appellant's requested instruction dealing specifically and technically with the doctrine of insulated negligence.

Thus, in explaining proximate cause, the court said: " * * * the negligence must be the proximate cause, that is, an efficient cause, which in continuance sequence produces the injury complained of and without which the injury would not have occurred."

This is a clear definition of proximate cause. Moreover, this instruction was implemented by specific reference to Greyhound's contentions: "The defendant contends that instead of coming out into the road gradually or observing the rules of the road that the Hunt car darted into the highway at such a speed and with such suddenness that a person approaching the intersection at 20 or 25 miles an hour would be hopelessly unable to do anything to avoid the accident and the defendant contends that the conduct of Walter Hunt in driving into the intersection with the speed that he did was the sole cause, sole proximate cause of the accident, * * *."

And at another point the court said: " * * * as I stated to you in the outset, if you find that that negligence on the part of Walter Hunt was the sole proximate cause of the injury to these plaintiffs, then it would be your duty to find a verdict against the plaintiffs and in favor of the defendant."

This was repeated in greater detail just before the jury retired, when the court said: " * * * but it is your duty to consider any evidence here that shows any negligence on the part of the operation of the Hunt car, any evidence of negligence on the part of the bus driver in order to determine whose negligence really caused the trouble. That is your duty to decide whether the negligence of Walter Hunt alone caused it and if it did, the defendant should not be required to pay for it, * * *."

■ We think the jury was completely and fairly instructed as to the defendant's theory of the case and we find appellant's contentions as to other alleged errors to be without merit.

For the reasons stated, the judgments of the lower court are affirmed.

Affirmed.