Sams v. Sargent

---

TERRENCE C. SAMS v. MICHAEL R. SARGENT

No. 7410SC1035

(Filed 19 March 1975)

1. Animals § 2— liability for injuries inflicted by dog

Absent a showing that a leash-law was in effect or that a dog was a vicious animal requiring confinement or leashing under G.S. 106-381, the owner of a dog was not required to keep his dog under restraint unless it is shown under common law rules (1) that the animal was dangerous, vicious, mischievous, or ferocious, or one termed in law as possessing a vicious propensity; and (2) that the owner or keeper knew or should have known of the animal's vicious propensity, character and habits.

2. Animals § 2— motorcycle-dog collision — liability of dog owner — summary judgment for owner

In an action to recover for personal injuries received when plaintiff's motorcycle collided with a dog owned by defendant, the trial court properly granted defendant's motion for summary judgment where defendant carried the burden of establishing the lack of a triable issue of fact and plaintiff presented no evidence to show either a vicious propensity on the part of the dog or that defendant knew or should have known of such propensity.

APPEAL by plaintiff from *Bailey, Judge.* Order entered 14 October 1974. Heard in the Court of Appeals 19 February 1975.

This is a civil action in which the plaintiff seeks to recover damages for personal injuries he received when his motorcycle collided with a dog allegedly owned by the defendant. In his complaint plaintiff alleged defendant was negligent in that: "(a) he failed to keep his dog chained or leashed although he knew that the dog chased motor vehicles; (b) he failed to keep his dog out of the roadway in front of his home." In his answer

defendant denied negligence on his part, and plead unavoidable accident, and contributory negligence on the part of plaintiff. Defendant also moved for summary judgment under Rule 56 of the Rules of Civil Procedure and introduced his own affidavit, the affidavit of a witness to the accident, and the deposition of plaintiff in support of his motion. Plaintiff neither responded nor appeared at the hearing and summary judgment was entered in favor of the defendant. Plaintiff appealed.

*Clayton, Myrick, McCain & Oettinger, by Grover C. McCain, Jr., for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay, by Ronald C. Dilthey, for defendant appellee.*

MORRIS, Judge.

The sole question presented by this appeal is whether the trial court erred in allowing defendant's motion for summary judgment.

Rule 56 of the Rules of Civil Procedure provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). "The burden is upon the moving party to establish the lack of a triable issue of fact." *Robinson v. McMahan,* 11 N.C. App. 275, 279, 181 S.E. 2d 147 (1971), cert. denied 279 N.C. 395 (1971), citing *Haithcock v. Chimney Rock Company,* 10 N.C. App. 696, 179 S.E. 2d 865 (1971).

> " . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." G.S. 1A-1, Rule 56(e).

[1] After carefully reviewing the affidavits and deposition filed by defendant in support of his motion for summary judgment, we conclude defendant has carried the burden of establishing the lack of a triable issue of fact in this case. Plaintiff,

on the other hand, has failed to offer any evidence of negligence on the part of the defendant. Plaintiff's only allegations of negligence are that defendant "failed to keep his dog chained or leashed although he knew that the dog chased motor vehicles" and that defendant "failed to keep his dog out of the roadway in front of his home." There has been no showing that the City of Cary has enacted an ordinance requiring dogs to be kept under restraint (a so-called "leash law"), nor has plaintiff shown this dog was a vicious animal requiring confinement or leashing under G.S. 106-381. Absent such a showing the owner of a dog is not required to keep his dog under restraint unless it can be shown under common law rules " '(1) that the animal was dangerous, vicious, michievous, or ferocious, or one termed in law as possessing a vicious propensity; and (2) that the owner or keeper knew or should have known that the animal's vicious propensity, character, and habits.' " *Sink v. Moore* and *Hall v. Moore*, 267 N.C. 344, 349, 148 S.E. 2d 265 (1966), citing *Plumidies v. Smith*, 222 N.C. 326, 22 S.E. 2d 713 (1942). Even if plaintiff had shown that a dog belonging to defendant frequently dashed into the street to bark at and pursue motor vehicles, that fact standing alone, would not be sufficient to justify classifying the dog as a "vicious" animal. *Sink v. Moore* and *Hall v. Moore, supra.*

[2]   As there was no competent evidence to prove either a vicious propensity on the part of the dog or that the defendant, as owner, knew or should have known of the vicious propensity plaintiff's sole assignment of error is overruled and the decision of the trial court granting defendant's motion for summary judgment is affirmed.

Affirmed.

Judges BRITT and ARNOLD concur.