THE ALOLA.

(District Court, E. D. Virginia. December 16, 1915.)

COLLISION ⊙⊐25—LIMITATION OF LIABILITY—FAULT IN MANAGEMENT OF VESSEL.

The owner of a motorboat, properly manned and equipped, is entitled, under Rev. St. § 4283 (Comp. St. 1913, § 8021), to a limitation of liability on account of a collision which occurred without his privity or knowledge, as under said statute the negligence of those in charge of its navigation cannot be imputed to him.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 21; Dec. Dig. ⊙⊐25.]

In Admiralty. Suits by I. W. Haywood, administrator of the estate of George W. Haywood, deceased, against H. C. Burdick, owner of the gasoline motorboat Alola, and against said vessel. Decree for respondent in first suit, and for libelant in second suit.

Edward R. Baird, Jr., of Norfolk, Va., for libelant.

H. H. Little, of Norfolk, Va., for respondents.

WADDILL, District Judge. The collision in this case occurred in Norfolk harbor, on the 9th day of August, 1915, about 9 o'clock in the forenoon, between the gasoline motorboat Alola, 45 feet 9 inches long

⊙⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and 9 feet 8 inches beam, and a small rowboat; the motorboat running into and capsizing the rowboat, and libelant's decedent was drowned.

The question presented on the testimony adduced before the court, and arguments of counsel thereon, is whether or not the owner of the motorboat is entitled to a limitation of liability under the act of Congress providing therefor in certain cases; the vessel's responsibility for the accident being in effect conceded.

Respondent relies on the provisions of section 4283 of the Revised Statutes (Comp. St. 1913, § 8021) for his exemption from liability. He insists that the vessel was properly manned and equipped, and, while it is true the decedent lost his life in the collision, that it occurred from causes entirely without the privity or knowledge of the respondent, as owner of the motorboat; whereas, the libelant insists that such collision was brought about by the acts and omissions of those in charge of the motorboat, agents of the respondent, for whose negligence he is primarily liable, or whose faults are imputable to him.

The conclusion of the court on the testimony adduced is that the respondent is entitled to the benefit of the limitation of liability claimed by him. The evidence establishes that the vessel was properly manned and equipped at the time of the accident; that the same occurred without the respondent's privity or knowledge, and hence he is not liable for the same. Respondent, under the act of Congress in question, is only chargeable for his own willful and negligent acts, and the negligence of those in charge of the navigation of the vessel, to which he was not privy, and of which he had no knowledge, will not be imputed to him. The Republic, 61 Fed. 109, 112, 9 C. C. A. 386, and cases cited; The Tommy, 151 Fed. 570, 573, 81 C. C. A. 50, and cases cited.

A decree may be entered holding those in charge of the navigation of the motorboat to be in fault, and decreeing in favor of the libellant for the amount received from the sale of the motorboat in these proceedings, and declaring the owner personally entitled to exemption from personal liability on account of this accident.