## STATE v. LEE FULCHER.

(Filed 18 October, 1922.)

**1. Criminal Law—Evidence—Nonsuit—Statutes.**

Where the State's evidence and that of the defendant is substantially to the same effect, in an action for an assault, and tends only to exculpate the defendant, his motion as of nonsuit after all the evidence has been introduced, considering it as a whole, should be sustained. C. S., 4643.

**2. Same—Assault—Parent and Child—Right of Parent to Protect His Child.**

The father may shield his child from the assault of another to the extent necessary for the purpose without himself being guilty of an assault; and where he has done so, without the use of excessive force, as appears from all the evidence in the case, his motion as of nonsuit at the close of his evidence should be granted. C. S., 4643.

WALKER and ADAMS, JJ., dissent.

APPEAL by defendant from *Cranmer, J.,* at March Term, 1922, of CARTERET.

Criminal prosecution, charging the defendant with an assault on one Malissa Sharp.

From an adverse verdict and judgment of six months on the roads, the defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
    *Charles L. Abernethy and Julius F. Duncan for defendant.*

STACY, J.  Malissa Sharp and her husband, Ed. Sharp, were tenants of the defendant, living on his farm; and in the same house the defendant's mother occupied a room on the second floor.  It was the habit of the defendant's boy, a child about four years old, to visit his grandmother, and the boy soon became a source of annoyance to Malissa.

On 19 October, 1921, the defendant went over to get his horse and buggy, which he kept in his mother's lot; his boy came down to the barn and the defendant put the child in the buggy while he was taking off the wheels to grease them.  Fulcher called to his mother and asked her to bring him his oil can, which she did.  About this time Malissa Sharp came down to the barn, where the defendant, his mother, and child were. She told the defendant that his boy "had been messing with her," and if he didn't keep him away from there she was going to whip the little "slick-headed" urchin.  Whereupon, the defendant replied:  "Now, Malissa, there's no use talking that way; I dare you to put your hands on him."  Malissa said, "I don't take a dare," and further, according to her own evidence:  "I had the tobacco stick in my right hand, and Fulcher grabbed hold of my two wrists; I jerked away from him; went in the house and got my gun; when I came out of the house Fulcher was running down the road, away from the house."  The defendant's version of the matter was as follows:  "Malissa Sharp came down to the lot and said, 'Lee, what are you going to do with that slick-headed boy of yours?  If you don't keep him away from here, I'm going to beat him.'  I said, 'Now, Malissa, there's no use talking that way; I dare you to put your hands on him.'  She said, 'I don't take a dare from nobody,' and grabbing up a tobacco stick, she made towards the boy, and I grabbed her hands and wrung the stick out of them; then she turned around and ran to the house, saying she was going to get her gun; then I got out of there and ran down the road."

The defendant met Ed. Sharp some distance away and told him to go and take care of his wife.  This was all that happened.  No harm was done.  Malissa herself testified:  "Didn't hurt me; made marks of his hands on my wrists when he took hold of me.  These marks were bruises."  The State offered other evidence tending to show that her wrists were "not bruised or cut," but only stained with grease.

From the foregoing, it will be noted Malissa Sharp does not say, in so many words, that she started towards the boy with the stick in her hand, while the defendant says that she did.  This is the single point of difference in their testimony, if, indeed, it be material on the present record.  There is no denial of the fact itself, and we think that such is

but the natural interpretation and construction to be placed on the testimony of the prosecutrix. No other conclusion seems to be permissible from all the evidence, and the second motion for judgment as of nonsuit is to be considered in the light of the whole case. The record is free from any conflict of evidence on this point, and, in considering the motion at the close of the entire evidence, the defendant's testimony, where not in conflict with that of the prosecution, may be used to explain or to make clear what has been offered by the State. This was the purpose of the Legislature in providing that such motion might be renewed at the conclusion of all the evidence.

The case was not settled by the judge, and it is possible that some of the evidence does not appear in the statement of case on appeal; but, upon the instant record, we are disposed to grant the defendant's motion for judgment as of nonsuit. Fulcher had a right to shield his boy from harm, and it does not appear that he used any excessive force. *S. v. Harrell,* 107 N. C., 947. On the contrary, the prosecuting witness seems to have been the aggressor, from the beginning to the end, and she apparently provoked all that took place. Indeed, such is the irresistible conclusion to be drawn from the State's evidence.

It is true that in a case of this kind, where the defendant has the burden of exculpation, it is often very difficult to determine just what evidence will warrant the judge in taking the case from the jury. In many instances, perhaps, it will call for careful discrimination. *S. v. Bridgers,* 172 N. C., 882.

The motion we are now considering was made under C. S., 4643, a statute which serves, and was intended to serve, the same purpose in criminal prosecutions as is accomplished by C. S., 567, in civil actions. Originally, under this latter section, in cases to which it was applicable, there was considerable doubt as to whether a plea of contributory negligence—the burden of such issue being on the defendant—could be taken advantage of on a motion to nonsuit, but it is now well settled that such may be done when the contributory negligence of the plaintiff is established by his own evidence, as he thus proves himself out of court. *Wright v. R. R.,* 155 N. C., 329; *Horne v. R. R.,* 170 N. C., 660, and cases there cited.

For like reason, and in recognition of the avowed purpose of the statute applicable to criminal cases, we are of opinion that where a complete defense is established by the State's evidence, a defendant should be allowed to avail himself of such defense on a motion for judgment as of nonsuit. See *S. v. Johnson, ante,* 637.

In the instant case and on the present record we think the action should have been dismissed.

Reversed.

WALKER and ADAMS, JJ., dissent.