G. S. EMORY v. M. T. CREDLE AND R. H. HUDSON, OWNERS OF GAS BOAT "CLINTON," AND T. M. CREDLE, MASTER.

(Filed 21 February, 1923.)

1. **Navigable Waters—Carriers of Freight—Commerce—Boats—Fires—Damages—Owner's Liability—Federal Statutes.**

A gas boat, duly registered at the United States Custom House and licensed to do business as a common carrier on the inland waterways of the State, while engaged in the part transportation of an interstate shipment of goods, comes within the provisions of the Federal statutes relieving the owners from liability for damages caused by fire, unless it is caused by the design or neglect of the owner.

**2. Same—Employer and Employee.**

The Federal statutes excluding liability from the owners of vessels for damages by fire to an interstate shipment of goods, when applicable, is held to mean that the owners are not liable for the loss of the goods or injury thereto by fire happening on board, unless from design (an act of willfulness) on their part, or from a negligent breach of some duty incumbent upon them as owners, or in which they have personally participated; and they may not be held for loss and injury by fire due entirely to the negligence of the crew, master or seamen.

**3. Same — Instructions—Respondeat Superior—Appeal and Error—Reversible Error.**

In an action to recover damages from the owners and the master of a vessel employed in an interstate shipment of goods as a common carrier, duly licensed as such under the Federal statutes, when there is evidence that the loss incurred was due entirely to the negligence of the crew, master or seamen employed on the vessel, an instruction that makes the owner responsible for the sole negligence of such employees under the doctrine of *respondeat superior* is reversible error.

CIVIL ACTION, heard on appeal from a justice's court, before *Kerr, J.,* and a jury, at Fall Term, 1922, of HYDE.

The action is to recover damages for loss and destruction of goods by fire, shipped on the gas boat "Clinton," as common carrier, plying on the inland and navigable waters of the State, in this instance between Washington, N. C., and Swan Quarter, and other points in Hyde County. It was admitted that defendants' were owners of the boat, and that the same was duly registered in United States Custom House, and it was shown that the owners were not present at the occurrence, but the boat at the time was in immediate charge and control of T. M. Credle, and an assistant as employees, and who had no interest in the boat or its cargo. The owners answered, denying any negligence on their part and alleging that the boat on which the goods were transported was duly registered in United States Custom House, and that the fire and consequent destruction of the goods was not caused from any design or neglect on their part, and claiming that they were protected by the Federal statutes relating to limitation of liability on the part of owners of such vessels.

On issues submitted, the jury rendered the following verdict:

"1. Who are the owners of the gas screw 'Clinton,' alleged to be destroyed by fire on or about 25 May, 1922? Answer: 'M. T. Credle and R. H. Hudson.'

"2. Was the said boat and the plaintiff's property destroyed by the negligence of the defendants and owners, as alleged in the complaint? Answer: 'Yes.'

"3. What, if any, damages has plaintiff sustained by reason of said negligent destruction of his property? Answer: '$140.'"

Judgment on verdict against the owners, M. T. Credle and R. H. Hudson, and said defendants, having duly excepted, appealed.

*S. S. Mann for plaintiff.*
*Small, MacLean & Rodman and Walter L. Spencer for defendants.*

HOKE, J., after stating the case: There were facts in evidence tending to show that on or about 26 April to 1 May, 1922, plaintiff bought, in Norfolk, Va., a lot of goods, of value of $165, and shipped same *via* Washington, N. C., to his home at Juniper Bay, Hyde County, N. C. That the bill of lading was given to T. M. Credle, who with an assistant was operating the gas boat "Clinton," duly registered and licensed to do business as common carrier on the waters of Pamlico Sound and its tributaries. That said goods were taken on said boat under a bill of lading by said T. M. Credle, and at the time specified in going from Swan Quarter, where the boat had touched in due course of its voyage, the cargo and boat were destroyed by fire, except the engine, which T. M. Credle testifies was saved (value not given).

There were also facts in evidence permitting the inference that the loss and destruction of the boat and goods were due to negligence on the part of the owners themselves, and there was also evidence to the effect that the fire and consequent loss of the boat was due to the negligence of the master and his assistant.

On this opposing evidence, the court, among other things, and on second issue, charged the jury as follows: "If you answer the second issue 'No,' you need not answer the third issue, because, unless the damage done the plaintiff was due to the negligence or want of care on the part of the defendant, or employees of the defendants, then the defendants would not be liable in damages to the plaintiff. That is, if the plaintiff has failed to show by the greater weight of the evidence that want of care in the burning of the vessel was due to negligence on the part of the owners of the vessel, or some of the employees or agents of the owners who had control of the vessel, and you answer the second issue 'No,' you need not answer the third issue." Defendants duly noted an exception.

As more especially pertinent to the facts presented, the Federal legislation establishing limitations of liability on the part of owners of vessels operating as carriers both at sea and on the navigable inland waters of the State, makes provision as follows:

"Sec. 4282, Revised Statutes, U. S. *Loss by Fire.* No owner of any vessel shall be liable to answer for or make good to any person any loss or damage which may happen to any merchandise whatsoever which shall be shipped, taken in, or put on board any such vessel, by reason

or by means of any fire happening to or on board the vessel, unless such fire is caused by the design or neglect of such owner."

And in sec. 4289, as amended and now appearing in 6th Federal Statutes Annotated, p. 367: *"Limitations of Liability of Owners to Apply to All Vessels.* The provisions of the seven preceding sections and of section 18 of an act entitled 'An act to remove certain burdens on the American merchant marine and encourage the American foreign-carrying trade, and for other purposes,' approved 26 June, 1884, relating to the limitations of the liability of the owners of vessels, shall apply to all sea-going vessels, and also to all vessels used on lakes or rivers or in inland navigation, including canal boats, barges, and lighters."

In construing these sections it has been held that the same applies to a boat of this kind, and in determining the question of the liability of the owners, the authoritative cases are to the effect that the owners are not liable for the loss of the goods or injury thereto by any fire happening on board, unless from design on their part (an act of willfulness) or from a negligent breach of some duty incumbent upon them as owners, or in which they have personally participated, and that they may not be held for loss and injuries by fire due entirely to the negligence of the crew, master or seamen. *Craig v. Continental Ins. Co.,* 141 U. S., 638; *In re Garnett et al.,* 141 U. S., 1; *Walker v. Transportation Co.,* 3 Wall., 140; The _____, 228 Fed., 1006; *The Anno.,* 47 Fed., 525, and see on subject, *Brinson v. R. R.,* 169 N. C., 425; 6 Fed. Statutes Anno., p. 339.

While the court in different places seems to restrict the jury to a consideration of the owners' liability as set forth in the Federal statutes, the portion of the charge excepted to permits, if it does not require, the jury to hold the owners liable for the negligence of the crew, under the general doctrine of *respondeat superior,* and in which the said owners did not or may not have personally shared.

For this error the defendants are entitled to a new trial, and it is so ordered.

New trial.