EDWARD L. OWENS v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 19 September, 1934.)

**Railroads D d—**

Driver's own evidence *held* to disclose contributory negligence on his part in running into center post supporting railroad overpass, and nonsuit was properly entered in his action against railroad.

APPEAL by plaintiff from *Devin, J.,* at July Term, 1934, of WASHINGTON.

Civil action by owner and driver of automobile to recover damages for personal injury sustained and damage to automobile, alleged to have been caused by the wrongful act, neglect, or default of the defendant.

HOOD, COMR. OF BANKS, *v.* MACCLESFIELD CO.

The facts are almost identical with those appearing in the case of *Baker v. R. R.,* 205 N. C., 329, 171 S. E., 342, with the exception that, in the instant case, the plaintiff testified he was not asleep, but ran his car into the center post without seeing it. The scene of the accident is the same; the time 1:00 a.m., 3 June, 1931.

Plaintiff testified that when he first saw the reflector on the pier, or center post, he thought it was a bus or truck on the side of the road; that he turned suddenly and then, "upon seeing these oblique lines (indicating on map) I clipped her back, . . . and that threw me off the distance too far. I saw I was going to hit it (center post) one way or another, and I applied my brakes and hit it 20 or 25 miles an hour instead of hitting it 40 or 45 miles an hour."

From a judgment of nonsuit entered at the close of plaintiff's evidence he appeals, assigning error.

*Ward & Grimes for plaintiff.*
*Thomas W. Davis and McLean & Rodman for defendant.*

PER CURIAM. That the plaintiff was contributorily negligent appears from his own testimony. Hence, the demurrer to the evidence was properly sustained. *S. v. Fulcher,* 184 N. C., 663, 113 S. E., 769; *Wright v. R. R.,* 155 N. C., 325, 71 S. E., 306; *Horne v. R. R.,* 170 N. C., 645, 87 S. E., 523.

Affirmed.