### W. J. CRAWFORD v. J. C. CRAWFORD.

(Filed 4 January, 1939.)

1. **Estoppel § 3—Plaintiff held estopped by petition and judgment in partition from asserting parol trust against co-heir.**

   Plaintiff's undivided interest in the *locus in quo* was sold under execution, and defendant, one of the co-heirs of the property, purchased same at the sale. Plaintiff instituted this action to set up a parol trust in the land upon allegations that his co-heir agreed to purchase his interest at the sale and reconvey same to plaintiff upon the payment of the amount of the bid with interest. Subsequent to the alleged agreement, plaintiff joined with all the other heirs in a petition for partition of the tract containing the *locus in quo* and another tract also inherited by the parties, setting out the respective interest of the heirs in the lands. and partition was made in accordance therewith, and confirmation entered which declared that the partition should "be binding among and between the said petitioners, their heirs and assigns." In said proceedings plaintiff's interest was set out without claim to the interest sold under execution and without assertion of the parol trust sought to be established in this action. *Held:* The rights of plaintiff and defendant among themselves were brought directly in issue in the partition proceedings, and the petition and judgment therein estops plaintiff from asserting the alleged parol trust.

2. **Partition § 10—**

   While partition does not create title nor affect the rights of persons not parties thereto, it determines the respective rights of the parties as among themselves, and as among themselves it operates as an estoppel against an assertion of title at variance with the judgment therein.

**3. Trial § 22b—**

> In an action to establish a parol trust, defendant's evidence of the record in subsequent partition proceedings between the parties is properly considered upon defendant's motion to nonsuit on the ground of estoppel, since defendant's evidence is not in conflict with plaintiff's evidence, but is in explanation thereof.

BARNHILL, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Sinclair, J.,* at July Civil Term, 1938, of ROBESON.

Civil action to engraft a parol trust upon deed absolute upon its face.

The uncontroverted facts are these: Plaintiff and defendant, brothers, are two of nine children of Mary E. Crawford and her husband, J. W. Crawford, both now deceased. Upon the death of Mary E. Crawford, intestate, in the year 1916, seized and possessed of two tracts of land in Robeson County, one containing 180 acres and the other 48.4 acres, the title descended to her children subject to estate by curtesy of her husband, J. W. Crawford, all of whom survived her.

Prior to October, 1922, plaintiff became indebted to J. W. Crawford, who obtained a judgment against him in the sum of $500, as alleged by plaintiff, upon which execution was issued, and plaintiff's undivided interest in the 180 acres tract was sold, the defendant becoming the purchaser thereof for $500, and on 6 November, 1922, Sheriff's deed therefor was executed and delivered to the defendant.

Following the death of J. W. Crawford, 14 July, 1936, and pursuant to written agreement of the nine children, including plaintiff, dated 30 October, 1936, to become parties to proceeding in Superior Court "for the purpose of dividing" said two tracts of land, and, under date 12 November, 1936, an *ex parte* petition for partition verified by defendant J. C. Crawford was filed. The petition alleges "that petitioners are tenants in common and are in possession of" the said two tracts of land; that the interests of the petitioners in said land are as follows: (a) J. C. Crawford owns a one-ninth undivided interest in the second tract containing 48.4 acres and a one-third undivided interest in the first tract containing 180 acres . . . (h) W. J. Crawford owns one-ninth undivided interest in the second tract containing 48.4 acres above described, but owns no interest in the first tract containing 180 acres, having conveyed his interest in said tract to J. C. Crawford . . ." By order dated 16 November, 1936, commissioners were appointed "to divide the lands described in said petition into nine (9) shares and to allot to each of the petitioners his or her share in severalty" in accordance with the interests set out in the petition. The commissioners divided and allotted the lands as directed—allotting to J. C. Crawford tract #3, containing 64.237 acres, and to W. J. Crawford tract #6, con-

taining 5.129 acres, being his interest in the 48.4 acres tract, report of which was filed 13 February, 1937. No objection having been filed, the report was confirmed. The decree of confirmation, dated 15 March, 1937, declares that it "shall be binding among and between the said petitioners, their heirs and assigns." The undisputed evidence shows that as soon as the land was divided, plaintiff took possession of that portion allotted to him.

Plaintiff alleges and offered evidence tending to show that defendant purchased plaintiff's undivided interest in the 180 acres tract at said execution sale in 1922 under parol agreement to purchase, pay for, take title to and hold same for plaintiff, and to reconvey same to plaintiff upon payment of the purchase price; and that, though he has paid to Guy Crawford, a brother, at direction of defendant, all the principal and part of the interest, and stands ready, able, and willing to pay such balance as may be justly due upon being informed by defendant the amount thereof, his demand for conveyance is refused by defendant.

Defendant denies the alleged agreement, denies that he authorized plaintiff to pay for him any amount to Guy Crawford, and offered evidence tending to support such denial.

Plaintiff further alleges: "That prior to the institution of this action, the heirs at law of the said Mary E. Crawford instituted a partition proceeding in the Superior Court of Robeson County, North Carolina, for the purpose of having the shares owned by each of the children of the said Mary E. Crawford, allotted to them, and in said partition proceeding the interest of the plaintiff, W. J. Crawford, in the lands above described, has been allotted to the defendant, John C. Crawford, and he is now holding the same as his property, which is a one-ninth interest in the whole tract of land above described. Reference to said partition proceeding and the allotment made by the commissioners is hereby referred to for a full and complete description of the interest of this plaintiff."

To this last allegation, defendant merely avers that only such lands as belonged to him were allotted to him in said proceeding.

On the trial below, motion of defendant for judgment as of nonsuit at the close of plaintiff's evidence was denied. Exception. Thereupon, in addition to oral testimony, defendant introduced the original record in the said partition proceeding. At the close of all the evidence, defendant renewed his motion for judgment as of nonsuit, which was overruled. Exception.

The case was submitted upon this issue: "Does the defendant hold title to a one-ninth interest in the Crawford home place described in the complaint, in trust for the use and benefit of the plaintiff, as alleged?"—to which the jury answered, "Yes."

From adverse judgment, defendant appeals to Supreme Court, and assigns error.

*W. E. Lynch for plaintiff, appellee.*
*McLean & Stacy and Varser, McIntyre & Henry for defendant, appellant.*

WINBORNE, J. The only question presented on this appeal: Is plaintiff estopped by the decree of the partition proceeding to claim interest in land in question under alleged parol agreement with defendant?

Appellant presents this question on exception to refusal of motions for judgment as of nonsuit, and on exceptive assignments to these portions of the charge of the court: (1) "There has been offered in evidence a partition proceeding. I instruct you, as a' matter of law, that if you find as contended for by the plaintiff, that his brother John bought the land for him at his request, with the oral understanding, he would be permitted to redeem it by paying him the purchase price and interest, and he had paid the purchase price and interest, most of it, that then the fact of partition proceeding was afterwards, to which Jim was one of the parties, would not divest his equitable estate in the land and his right to have it reconveyed as a matter of law."

(2) "But if you find he held this land in trust for his brother under a parol contract, I charge you the fact there was a partition proceeding afterwards would not divest his brother Jim's equitable right in the land and the right to have it returned to him afterwards."

Defendant's exceptions are well taken. We are of opinion that, on the facts presented on this record, the plaintiff is estopped by the allegations in petition, and by decree in the partition proceedings, to now set up claim contrary to the interest therein set forth.

Plaintiff in his complaint here invites reference to said proceeding "for a full and complete description of the interest of this plaintiff" in the land in question. The allegation there is that J. C. Crawford owns "one-third undivided interest in the first tract containing 180 acres," and that W. J. Crawford "owns no interest" therein, "having conveyed his interest in said tract to J. C. Crawford." The decree of partition is to like effect. The commissioners acted in accordance therewith and their report is duly confirmed by the court.

The rights of plaintiff and defendant *inter sese* are brought directly in issue in the partition proceeding, and they are bound thereby. *Baugert v. Blades,* 117 N. C., 221, 23 S. E., 179; *McKimmon v. Caulk,* 170 N. C., 54, 86 S. E., 809.

Referring to definition of estoppel, *Pearson, J.,* in *Armfield v. Moore,* 44 N. C., 157, said: "The meaning of which is, that when a fact has

been agreed on, or decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed; . . . in other words, his mouth is shut, and he. shall not say, that is not true which he had before in a solemn manner asserted to be the truth." This is cited with approval in *Hardison v. Everett*, 192 N. C., 371, 135 S. E., 288; *Distributing Co. v. Carraway*, 196 N. C., 58, 144 S. E., 535; *Rand v. Gillette*, 199 N. C., 462, 154 S. E., 746.

In *Distributing Co. v. Carraway, supra, Stacy, C. J.*, speaking for the Court, said: "A claim made or position taken in a former action or judicial proceeding estops the party making such claim to take a conflicting position or to make an inconsistent claim in a subsequent action or judicial proceeding to ,the prejudice of his adversary, where the parties are the same and the same questions are involved."

The effect of judgments in partition proceedings has been the subject of discussion and for decision in many cases in this Court.

In *Stewart v. Mizell*, 43 N. C., 242, *Ruffin, C. J.*, said: "A judgment at law, in partition, is conclusive, in respect to the thing in which parties had an estate in common, and also in respect to the share to which each was entitled, and to the parcel allotted to each as his share in severalty." *Ivey v. McKinnon*, 84 N. C., 652; *Turpin v. Kelly*, 85 N. C., 399; *Grantham v. Kennedy*, 91 N. C., 148.

In *Buchanan v. Harrington*, 152 N. C., 333, 67 S. E., 747, *Manning, J.*, quoting from 30 Cyc. 310, says in part: " 'The truth is, that a judgment in partition is as conclusive as any other. It does not create or manufacture a title, nor divest the title of any one not actually or constructively a party to the suit; but it operates by way of estoppel; it prevents any of the parties from relitigating any of the issues presented for decision, and the decision of which necessarily entered into the judgment, and it divests all titles held by any of the parties at the institution of the suit.' " *Bank v. Leverette*, 187 N. C., 743, 123 S. E., 68.

In *McKimmon v. Caulk, supra, Allen, J.*, said: "The primary purpose of partition proceedings is to sever the unity of possession, but the parties may put the title in issue, and when they do so, and the title is adjudicated, the judgment is conclusive and binding." *Buchanan v. Harrington, supra; Wallace v. Phillips*, 195 N. C., 665, 143 S. E., 244.

While the partition proceeding. is evidence introduced by defendant, it is proper to be considered on motion for judgment as of nonsuit under authority of *Harrison v. R. R.*, 194 N. C., 656, 140 S. E., 598, where it is said: "In considering the last ˙motion, the defendant's evidence, unless favorable to the plaintiff, is not to be taken into consideration, except when not in conflict with plaintiff's evidence, it may be used to

explain or make clear that which has been offered by plaintiff," citing *S. v. Fulcher,* 184 N. C., 663, 113 S. E., 769. See also *Hare v. Weil,* 213 N. C., 484, 196 S. E., 869; *Sellars v. Bank, ante,* 300, 199 S. E., 266.

There is error in the refusal to sustain motion for judgment as of nonsuit, and the judgment below is

Reversed.

BARNHILL, J., took no part in the consideration or decision of this case.