THOMAS G. SIBBITT v. R. & W. TRANSIT COMPANY.

(Filed 7 January, 1942.)

**Automobiles §§ 14, 18c—Evidence held to disclose contributory negligence as matter of law in colliding with rear of truck standing upon highway.**

Plaintiff's evidence tended to show that he was driving at night along a highway covered with smoke from fires along its side and that he collided with the rear of an oil truck which was headed in the same direction and which had been stopped on the highway without rear lights. *Held:* Even conceding negligence on the part of defendant, Michie's N. C. Code, 2621 (278) (d), plaintiff's evidence discloses contributory negligence barring recovery as a matter of law, either in driving at a speed in excess of that at which he could stop within the distance to which his lights would disclose the existence of obstructions, or, if he could have seen the oil truck in time to have avoided a collision, in failing to do so.

STACY, C. J., dissenting.

DEVIN, J., concurs in dissent.

APPEAL by plaintiff from *Harris, J.,* at October Term, 1941, of ROBESON.

This was an action by the plaintiff to recover damages for personal injury alleged to have been proximately caused by the negligence of the defendant. The defendant denied that it was negligent, and also entered the alternative plea of contributory negligence in bar of recovery. At the close of all the evidence the court sustained the motion of the defendant for a judgment as in case of nonsuit (C. S., 567), and from judgment accordant with such ruling the plaintiff appealed, assigning error.

*John S. Butler and McLean & Stacy for plaintiff, appellant.*
*Oates, Quillin & MacRae for defendant, appellee.*

SCHENCK, J. Viewing the evidence in the light most favorable to the plaintiff, it tends to show that on the night of 23 February, 1941, about 7:45 o'clock, the plaintiff was driving an automobile on State Highway No. 74, from Wilmington to Whiteville, and that at the same time the defendant's oil truck was being driven in the same direction on the same highway; that as the plaintiff was proceeding on his journey, about half way between Wananish and Lake Waccamaw, and driving about 50 or 55 miles per hour, he saw some smoke, blankets of smoke across the highway coming from fires on the side thereof, and put on his brakes and came to a speed of approximately 30 or 40 miles per hour, then proceeded about 50 or 60 yards in the smoke, when he saw a light flare

on his left side of the highway and realized that the "smoke was a solid wall," and at the same time he saw the light he likewise saw the "rear of an oil tanker," and he immediately applied his brakes, but his automobile collided with the rear of the tanker, causing serious personal injury to him; that the oil tanker was stopped on the highway and there were no lights burning on the rear thereof at the time of the collision; that when the plaintiff saw the light flare on his left side of the highway he got the impression that it was a light from another car approaching from the opposite direction, but he afterwards learned that the light he saw flare was a spotlight on the oil tanker.

We are of the opinion, and so hold, that the judgment as in case of nonsuit was properly entered.

Conceding that the defendant was negligent in stopping its oil tanker on the highway with no rear lights, Michie's N. C. Code, 2621 (278) (d), still we think the evidence discloses contributory negligence on the part of the plaintiff which bars recovery.

In its last analysis this case poses the question of the duty of an automobile driver, operating his automobile in the nighttime with his vision obscured by smoke in the highway from fires on the side thereof. If this smoke rendered it impossible for the plaintiff to see the defendant's oil tanker in time to stop his automobile at the rate of speed at which he was operating it soon enough to avoid the collision, there was a failure to exercise due care on the part of the plaintiff in operating his automobile at such a rate of speed. If the plaintiff saw, or by the exercise of due care could have seen, the oil tanker in time to stop his automobile soon enough to avoid the collision and failed to do so, there was likewise a failure to exercise due care on his part. The plaintiff, according to his own testimony, was guilty of contributory negligence either in failing to drive within the radius of his lights, that is, a speed at which he could stop within the distance to which his lights would disclose the existence of obstructions, or in failing to see the oil tanker in time to avoid the collision. It makes no difference which horn of the dilemma the plaintiff takes, his cause of action is defeated by his own negligence. *Lee v. R. R.,* 212 N. C., 340, 193 S. E., 395; *Weston v. R. R.,* 194 N. C., 210, 139 S. E., 237; *Hughes v. Luther,* 189 N. C., 841, 128 S. E., 145.

"It was negligence for the driver of the automobile to propel it in a dark place in which he had to rely on the lights of his machine at a rate faster than enabled him to stop or avoid any obstruction within the radius of his light, or within the distance to which his lights would disclose the existence of obstructions. . . . If the lights would disclose the existence of obstructions only ten yards away it was the duty of the driver to so regulate the speed of his machine that he could at all times avoid obstructions within that distance. If the lights on the

machine would disclose objects farther away than ten yards, and the driver failed to see the object in time, then he would be conclusively presumed to be guilty of negligence, because it was his duty to see what could have been seen." Huddy on Automobiles, 7 Ed., 1924, sec. 396.

The judgment of the Superior Court is
Affirmed.

Stacy, C. J., dissenting: The evidence of contributory negligence on the instant record is not so clear as to bar a recovery as a matter of law. The action arises out of a smoky situation and the facts are of a similar hue. This makes it a matter for the twelve.

There is no difference in principle between this case and *Meacham v. R. R.*, 213 N. C., 609, 197 S. E., 189, where the plaintiff's vision was obscured by fog or mist.

The issue of contributory negligence is ordinarily for the jury, *Lincoln v. R. R.*, 207 N. C., 787, 178 S. E., 601, and it is only when the plaintiff "proves himself out of court," *Elder v. R. R.*, 194 N. C., 617, 140 S. E., 298, that it becomes exclusively a question of law. *Godwin v. R. R., ante,* 281.

When did the plaintiff lose the right to assume that others would observe the law of the road? *Sebastian v. Motor Lines,* 213 N. C., 770, 197 S. E., 539. This is the crux of the case.

My vote is for a reversal of the judgment of nonsuit.

Devin, J., concurs in dissent.