OTTWAY AUSTIN v. THOMAS L. OVERTON.

(Filed 30 September, 1942.)

### 1. Negligence §§ 5, 11—

Plaintiff's negligence need not be the sole proximate cause of the injury, as this would exclude any idea of negligence on the part of defendant; it is enough if plaintiff's negligence contributes to the injury.

### 2. Same—

"Contributory negligence" *ex vi termini* implies that it need not be the sole cause of the injury; and plaintiff cannot recover when his negligence concurs with that of defendant in proximately producing the injury.

### 3. Automobiles §§ 13, 14, 18a, 18c: Negligence § 19—

Where plaintiff was following defendant, both traveling at 45 to 50 miles per hour on a straight, 30-foot concrete road, no lights being on rear of defendant's car, and defendant slowed down suddenly and turned to the left side of the road, and either stopped or was moving very slowly, when plaintiff's car violently collided with defendant's, in an action for damages, plaintiff is guilty of contributory negligence and nonsuit was proper.

APPEAL by plaintiff from *Sink, J.*, at March Term, 1942, of YANCEY.

Civil action to recover damages for an alleged negligent injury suffered by plaintiff when his automobile ran into the rear of defendant's car near New Bridge, Buncombe County, on the Asheville-Weaverville Highway.

On the morning of 2 August, 1941, around 2:00 a.m., plaintiff was going from Weaverville to Asheville in his 1941 Ford V-8. The defendant was traveling in the same direction, in front of the plaintiff, driving a Chevrolet Sedan. Their speed was between 45 and 50 miles an hour.

Plaintiff testifies that at a point where the concrete road was approximately 30 feet wide and practically straight, the defendant, without signal or warning of any kind, pulled his car over to the left of the road and came to a sudden stop; that as a result he, the plaintiff, was unable to stop his vehicle in time to avoid running into the rear of defendant's car; that the defendant said on the scene he turned and stopped to avoid hitting a drunken man in the road and "that it was his fault"; that plaintiff looked and did not see anyone, drunk or sober, in the road.

The defendant testified that as he was making a slight left turn he dimmed his lights for an approaching car which failed to dim its lights, and as he switched his lights back on, there appeared a drunken man in the road in front of him; that he immediately applied his brakes, turned to the left and slowed to approximately 25 miles an hour, but did not stop; that in picking up speed he felt the impact of plaintiff's car, which

traveled between 20 and 25 feet after the collision; that the rear of his car was completely demolished—"the car was knocked out of line and both lights of the front were damaged by the twist of the impact. . . . I never said the collision was my fault."

From judgment of nonsuit entered on consideration of all the evidence, the plaintiff appeals, assigning error.

*Briggs & Atkins for plaintiff, appellant.*
*Watson & Fouts for defendant, appellee.*

STACY, C. J. Conceding that under *Holland v. Strader,* 216 N. C., 436, 5 S. E. (2d), 311, there may be some evidence of the defendant's negligence, though stressfully controverted by the defendant, still it would seem that plaintiff's own negligence was the proximate cause of his injury, or one of them. *Tarrant v. Bottling Co.,* 221 N. C., 390; *Sibbitt v. Transit Co.,* 220 N. C., 702, 18 S. E. (2d), 203; *Beck v. Hooks,* 218 N. C., 105, 10 S. E. (2d), 608. The plaintiff thus proves himself out of court. *Godwin v. R. R.,* 220 N. C., 281, 17 S. E. (2d), 137. It need not appear that his negligence was the sole proximate cause of the injury, as this would exclude any idea of negligence on the part of the defendant. *Absher v. Raleigh,* 211 N. C., 567, 190 S. E., 897. It is enough if it contribute to the injury. *Wright v. Grocery Co.,* 210 N. C., 462, 187 S. E., 564. The very term "contributory negligence" *ex vi termini* implies that it need not be the sole cause of the injury. *Fulcher v. Lumber Co.,* 191 N. C., 408, 132 S. E., 9. The plaintiff may not recover, in an action like the present, when his negligence concurs with the negligence of the defendant in proximately producing the injury. *Construction Co. v. R. R.,* 184 N. C., 179, 113 S. E., 672.

Plaintiff's evidence is to the effect that "no lights showed on the rear" of defendant's car. This, then, put him on notice that he could not rely upon these lights. *Miller v. R. R.,* 220 N. C., 562, 18 S. E. (2d), 232. He followed the defendant's car for some distance before the collision. He further says that as a part of the *res gestæ,* the defendant remarked, "it was my fault." Even so, the conclusion is a legal one, determinable alone by the facts. It is not supposed the defendant intended by this statement—which he denies making—to concede more than his own negligence. The physical facts speak louder than the witness. *Dillon v. Winston-Salem,* 221 N. C., 512.

The conclusion is inescapable that plaintiff's negligence contributed to the injury. *Pierce v. Seymour,* decided herewith, ante, 42; *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88; *Davis v. Jeffreys,* 197 N. C., 712, 150 S. E., 488. Hence, the judgment of nonsuit will be upheld.

Affirmed.