H. T. ATKINS, TRADING AND DOING BUSINESS AS HARPER'S LUMBER YARD, v. WHITE TRANSPORTATION COMPANY, INC.

(Filed 29 November, 1944.)

**1. Trial § 22a: Appeal and Error § 40e—**

When the defendant offers testimony, his exception to the court's refusal to grant his motion for judgment as of nonsuit, first entered at the conclusion of the evidence for the plaintiff, is waived and only the exception noted at the close of all the evidence may be urged and considered, and it is to be decided upon consideration of all the testimony. G. S., 1-183.

**2. Same—**

The rule that, upon motion for judgment as of nonsuit made at the conclusion of all the evidence, the decision is to be made upon a consideration of all the evidence, is subject to certain limitations: (a) The evidence is to be taken in the light most favorable to the plaintiff and he is entitled to the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom. The inferences contemplated are logical inferences reasonably sustained by the evidence in its light most favorable to plaintiff. (b) So much of the defendant's evidence as is favorable to plaintiff, or tends to explain or make clear that which has been offered by plaintiff, may be considered, but (c) That which tends to establish another and different state of facts

or which tends to contradict or impeach the evidence of plaintiff is to be disregarded.

**3. Negligence § 19b: Trial § 22c—**

A judgment of involuntary nonsuit on the grounds of contributory negligence will not be sustained or directed unless the evidence is so clear on that issue that no other conclusion seems to be permissible.

**4. Negligence §§ 5, 9: Automobiles § 9b—**

When one motor vehicle is trailing another, it is the duty of the driver of the rear vehicle to exercise ordinary care to avoid an accident by driving at a reasonable distance from the vehicle he is trailing and at a speed which will not be hazardous under the circumstances.

**5. Negligence § 19b: Trial § 22c: Automobiles § 18g—**

Where the driver of plaintiff's loaded truck, trailing defendants' bus at 25 to 30 miles per hour and within 20 feet, on a street 25 to 30 feet wide with an open space on the left of from 12 to 17 feet, saw the bus begin to stop and slammed on his brakes, as he was too near to turn aside or stop, hitting the bus with such force that the front of the truck was practically demolished and the bus was badly damaged, there was error in refusing defendants' motion for judgment as of nonsuit on the ground of contributory negligence.

STACY, C. J., concurring.

SEAWELL, J., dissenting.

SCHENCK, J., concurs in dissenting opinion.

DEVIN, J., dissents.

APPEAL by defendant from *Nettles, J.,* at April Civil Term, 1944, of BUNCOMBE. Civil action *ex delicto* to recover damages resulting from a bus-truck collision. Reversed.

On 11 October, 1943, defendant's agent was operating one of defendant's regular passenger buses on Haywood Road in West Asheville. Plaintiff's agent was operating a Chevrolet truck loaded with about 800 feet of green oak lumber just to the rear of the bus. The bus passed over the West Asheville Bridge and went about 75 feet beyond the Haywood Road-Roberts Street intersection. It stopped suddenly about 75 feet beyond the usual bus stop at Roberts Street to permit a passenger to alight. The truck collided with the rear of the bus. Considerable damage to both the bus and the truck resulted and several passengers on the bus were injured.

Plaintiff alleges negligence in the operation of the bus. Defendant denies negligence and pleads contributory negligence on the part of the truck driver. Appropriate issues were submitted to and answered by the jury in favor of the plaintiff. There was judgment on the verdict and defendant appealed.

*Ellis C. Jones and Smathers & Meekins for plaintiff, appellee.*

*Harkins, Van Winkle & Walton for defendant, appellant.*

BARNHILL, J. The primary question presented for decision is the correctness of the ruling of the court below denying defendant's motions to dismiss as in case of nonsuit.

It may be conceded that there was sufficient evidence of negligence on the part of the bus driver to repel the motion to dismiss. This narrows the inquiry to the issue of contributory negligence.

In considering a motion to dismiss as in case of nonsuit, decision is controlled by certain well-defined rules.

(1) When the defendant offers testimony, his exception first entered at the conclusion of the testimony for the plaintiff is waived and only the exception noted at the close of all the evidence may be urged or considered. *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356; *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598.

(2) When, as here, the question arises on motion made at the conclusion of all the evidence, it is to be decided upon consideration of all the testimony. G. S., 1-183. This rule, however, is subject to certain limitations: (a) The evidence is to be taken in the light most favorable to the plaintiff and he is entitled to the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom. *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601; *White v. R. R.,* 216 N. C., 79, 3 S. E. (2d), 310; *Coltrain v. R. R.,* 216 N. C., 263, 4 S. E. (2d), 853; *Blalock v. Whisnant,* 216 N. C., 417, 5 S. E. (2d), 130; *Barnes v. Wilson,* 217 N. C., 190, 7 S. E. (2d), 359; *Coach Co. v. Lee,* 218 N. C., 320, 11 S. E. (2d), 341; *Plumidies v. Smith,* 222 N. C., 326, 22 S. E. (2d), 713. In this connection it may be said that it is presumed reasonable men draw reasonable conclusions. So that the inferences contemplated are logical inferences reasonably sustained by the evidence when considered in the light most favorable to the plaintiff. (b) So much of the defendant's evidence as is favorable to the plaintiff or tends to explain or make clear that which has been offered by the plaintiff may be considered, but (c) That which tends to establish another and a different state of facts or which tends to contradict or impeach the evidence offered by plaintiff is to be disregarded. Otherwise, consideration would not be in the light most favorable to plaintiff. *S. v. Fulcher,* 184 N. C., 663, 113 S. E., 769; *Harrison v. R. R., supra; Hare v. Weil,* 213 N. C., 484, 196 S. E., 869; *Sellars v. Bank,* 214 N. C., 300, 199 S. E., 266; *Crawford v. Crawford,* 214 N. C., 614, 200 S. E., 421; *Funeral Home v. Insurance Co.,* 216 N. C., 562, 5 S. E. (2d), 820; *Godwin v. R. R.,* 220 N. C., 281, 17 S. E. (2d), 137.

(3) A judgment of involuntary nonsuit on the grounds of contributory negligence will not be sustained or directed unless the evidence is so clear on that issue that no other conclusion seems to be permissible. *Pearson v. Luther,* 212 N. C., 412, 193 S. E., 739; *Manheim v. Taxi Corp.,* 214 N. C., 689, 200 S. E., 382; *Godwin v. R. R., supra; Gregory v. Insurance Co.,* 223 N. C., 124. For authorities other than those cited reference may be had to the annotations following G. S., 1-183.

Giving the plaintiff the full benefit of the rules just stated, we are of the opinion the evidence is such that the motion for judgment as in case of nonsuit should have been sustained.

Plaintiff's driver was operating a loaded truck within 20 feet of the bus ahead. The street was 25 or 30 feet wide. There was an open space of 12 to 17 feet to the left of the bus, and there was no oncoming traffic. The loaded truck traveling at 20 or 25 m.p.h. could not be stopped in less than 25 or 30 feet, a distance greater than that at which the truck was trailing the bus. *Beck v. Hooks,* 218 N. C., 105, 10 S. E. (2d), 608. Plaintiff's driver saw the bus begin to stop and as it began to stop, he applied his brakes with full force. Even so, he was so near the bus and was going at such a rate of speed that he could neither turn to the left and use the available space nor stop before colliding with the bus. Instead, he struck the bus with such force that he knocked it 24 or 25 feet ahead. (Plaintiff's driver testified that the distance he knocked it was stepped off by another and defendant offered a witness who testified in explanation that it "stepped off" 24 or 25 feet.) The impact was such that the front portion of the truck was practically demolished and the bus was badly damaged, the plaintiff estimating the damage to the truck alone to be $700. After "slamming on his brakes" in attempting to stop when he saw the bus was in the act of so doing, he traveled the intervening 20 feet plus the distance the truck knocked the bus, less about 4 feet. These facts speak louder than words. *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88.

It is true plaintiff's agent testified he was traveling 20 m.p.h. 20 feet behind the bus but neither speed nor distance was measured. On this record they are matters of opinion. In any event, this fact is apparent: when the emergency caused by the sudden stopping of the bus arose, he could neither turn to the left nor stop in time to avoid a collision.

It would seem, therefore, the conclusion that plaintiff's driver was operating the truck so near to the bus and at such a rate of speed as would and did create a hazard it was his duty, in the exercise of ordinary care, to guard against and avoid is inescapable. Thus the hazard he helped to create produced the damage for which plaintiff seeks compensation. *Tarrant v. Bottling Co.,* 221 N. C., 390, 20 S. E. (2d), 565; *Sibbitt v. Transit Co.,* 220 N. C., 702, 18 S. E. (2d), 120; *Beck v. Hooks,*

*supra; Godwin v. R. R., supra; Absher v. Raleigh,* 211 N. C., 567, 190 S. E., 897; *Wright v. Grocery Co.,* 210 N. C., 462, 187 S. E., 564; *Austin v. Overton,* 222 N. C., 89, 21 S. E. (2d), 887.

The judgment below is

Reversed.

STACY, C. J., concurring: The force with which the plaintiff's truck ran into the rear of the bus, knocked it forward a distance of 24 or 25 feet, threw a passenger to the floor of the bus with consequent injury, and caused much damage to both vehicles, establishes beyond peradventure the negligence of the driver of the truck as a contributing cause of the collision. *Austin v. Overton,* 222 N. C., 89, 21 S. E. (2d), 887; *Pierce v. Seymour,* 222 N. C., 42, 21 S. E. (2d), 884; *Sibbit v. Transit Co.,* 220 N. C., 702, 18 S. E. (2d), 203; *Davis v. Jeffreys,* 197 N. C., 712, 150 S. E., 488.

Primarily, the difference of opinion here derives from this question: When and to what extent may the defendant's evidence be considered on motion to nonsuit? G. S., 1-183. Cases may be found which seem to support a complete negative, "At no time and to no extent." But the statement is too broad. "No generalization is true, not even this one."

The authoritative decisions answer:

1. When and to the extent it is favorable to the plaintiff. *Wall v. Bain,* 222 N. C., 375, 23 S. E. (2d), 330; *Tarrant v. Bottling Co.,* 221 N. C., 390, 20 S. E. (2d), 565; *Means v. R. R.,* 126 N. C., 424, 35 S. E., 813.

2. When not in conflict with the plaintiff's evidence, it may be used to explain or to make clear that which has been offered by the plaintiff. *Gregory v. Ins. Co.,* 223 N. C., 124, 25 S. E. (2d), 398; *Jeffries v. Powell,* 221 N. C., 415, 20 S. E. (2d), 561; *Godwin v. R. R.,* 220 N. C., 281, 17 S. E. (2d), 137; *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598; *S. v. Fulcher,* 184 N. C., 663, 113 S. E., 769.

3. When taken in connection with plaintiff's evidence it makes manifest natural or physical circumstances which bar recovery. *Austin v. Overton, supra; Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88.

The present case falls in this category. The undisputed physical facts tell their own story. They explain and make clear the plaintiff's evidence. There can be no debate over a fact. We may contend over our ideas or opinions concerning a fact, but this would have no bearing on the fact. It would still be a fact. Natural evidence speaks its own language and is worthy of all acceptation.

4. When taken in connection with plaintiff's evidence it puts an end to the case as a matter of law. *Crawford v. Crawford,* 214 N. C., 614, 200 S. E., 421; *Hare v. Weil,* 213 N. C., 484, 196 S. E., 869.

Take a case in ejectment where the plaintiff's right to recover depends on the death of an ancestor, *e.g.*, the plaintiff's brother. Plaintiff offers evidence that his brother left the community more than seven years ago and has not been heard of by those who naturally might expect to hear. *Emory v. Credle,* 185 N. C., 2, 115 S. E., 892. The plaintiff makes out a *prima facie* case and rests. The defendant then produces the plaintiff's brother who explains his absence. This would put an end to the case. *Springer v. Shavender,* 118 N. C., 33, 23 S. E., 976; 16 Am. Jur., 21.

5. The statute provides that the determination of the second motion to dismiss "after all the evidence on both sides is in" shall be "upon consideration of all the evidence." *Blackman v. Woodmen,* 184 N. C., 75, 113 S. E., 565; *S. v. Fulcher, supra.*

Here, the plaintiff's driver testifies: "I don't know how far I knocked it (the bus) but I know I hit it. The patrolman stepped off the distance, . . . 15 to 20 minutes after the time of the accident." Plaintiff's next witness, Tom Parker, says: "Mr. Duncan, Mr. Atkins and myself stepped off the distance." The defendant then makes clear the plaintiff's evidence by giving the measurements 24 or 25 feet. There is no denial of the essential facts. The attendant damage and injury, in the light of plaintiff's own evidence, leave no doubt as to what took place or the results of the collision.

A motion to nonsuit tests the sufficiency of the evidence to carry the case to the jury and to support a recovery. The question thus presented by demurrer, whether interposed at the close of plaintiff's evidence, or upon consideration of all the evidence, is to be decided by the court as a matter of law, and not by the jury as an issue of fact. Whether the evidence is such as to carry the case to the jury is always for the court to determine. A demurrer raises only questions of law. *Godwin v. R. R., supra; Ward v. Smith,* 223 N. C., 141, 25 S. E. (2d), 463.

DEVIN, J., dissents.

SEAWELL, J., dissenting: It is conceded in the main opinion that the driver of defendant's bus was proximately negligent. No other conclusion could be reached upon the evidence that he stopped the bus suddenly to let off a passenger almost midway between his regular stops, without knowing or attempting to find out whether or not he was followed by any other motor vehicle. The main opinion, however, finds the driver of the plaintiff's lumber truck guilty of contributory negligence for two reasons: (1) Because *the evidence of the defendant* is taken to show that the lumber truck knocked the passenger bus forward about 24 feet, which is held to be conclusive evidence that the truck was going at a

dangerous and unsafe rate of travel; and (2), because the driver of the truck could not stop his car by the application of his brakes in the 20 feet which he testified separated his truck from the passenger bus.

1. The reason first assigned, as far as I am able to discover, tops the record for going into the defendant's evidence and not only considering it, but balancing it against the contradictory evidence of the plaintiff upon a demurrer to the evidence.

The plaintiff's driver stated positively that he was trailing the bus at a distance of at least 20 feet, and was traveling not more than 20 miles per hour. There is nothing in the plaintiff's evidence to the effect that the bus was knocked forward 24 or 25 feet by the collision. This does occur, however, in defendant's evidence in the testimony of the driver of the passenger bus, R., p 30: "The bus was knocked about 25 feet—about the length of it." And in the testimony of W. T. Duncan, supervisor of buses for the defendant, who arrived after the collision, we find: "I observed the street *and there was dirt on the street* behind the truck. I saw some dirt at the back of the truck. This dirt was about 24 feet behind where the bus was standing." R., p. 33. That is all.

Upon this evidence the main opinion takes for true the statement of defendant's witnesses, balances it against that of the plaintiff, and discounts the plaintiff's driver's statement that he was traveling only 20 miles an hour by characterizing it as opinion evidence.

The plaintiff's evidence is not here confronted by any admitted or undisputed or explanatory fact; it is not confronted by an inescapable physical fact which should dominate the finding; indeed, it is not confronted by any fact at all—only by a supposed or assumed or inferred fact, gotten from an examination of the defendant's evidence and given credence and weight by the same comparative processes that we have ordinarily considered the exclusive function of the jury.

I can see no occasion for setting up, as categories, a summary of recent instances in which the evidence of the defendant has been called upon to aid his demurrer. They establish no distinguishing or limiting principle, and make no promise that other categories will not be provided as occasion arises. They stem from the same fundamental error—the assumption by the court of the power *to pass upon the credibility of defendant's evidence and accept it as true* and *to pass upon its weight and significance and give it effect.* Once we have discarded those restrictions on our powers, emanating as they do from the Constitution and the statute respecting appeals to this Court, and which have been until recently sacredly observed, there is no limit to which the Court may not go. However catalogued, these cases merely must be considered in terms of the absorption by the Court of the jury function.

2. Again, the plaintiff's evidence, taken in the light most favorable to the plaintiff, tends to show that the driver of the truck was proceeding along one of the principal streets of the city of Asheville, not exceeding 20 miles per hour; that the passenger bus immediately in front of him suddenly stopped without warning; that he "slammed on his brakes" as quickly as he could, turning to the left, but could not wholly avoid the collision. He is held here for contributory negligence *per se* upon the ground that he ought to have trailed the passenger bus at such a distance as would enable him to apply his brakes and stop before the collision.

At one time the law fixed the minimum distance at which one motor vehicle might follow another. The rule was impractical and was repealed. The distance to be observed is now merely a matter of ordinary care and prudence. *Smith v. Coach Co., infra.* A reference to the motor vehicle law, G. S., 20-124, will show the requirements with regard to brakes and stoppage of cars. The standard set up in the main opinion is wholly inconsistent with any possible application of that section to the exigencies of traffic. If the rule were adopted, it would be impractical for observance in lanes of traffic through Asheville or any other sizable city in the State, over routes which trucks are permitted to travel and at speeds well within the law.

Moreover, this rule would require the driver of the following motor vehicle to completely anticipate the negligence of the driver of the leading car—to be so circumspect as to avoid it. The rule applied to him is not that of the ordinarily prudent man; it makes him an insurer against a negligence which no rule of ordinary care requires him to anticipate. It gives indemnity to a kind of negligence which figures high in the statistics of urban casualties.

In a case of this kind, hardly any truth which we seek is so obvious or lies so near the surface. Almost invariably, it is caught in a web of circumstances, which must be untangled by the separation and correlation of many factors. *Cole v. Koonce,* 214 N. C., 188, 198 S. E., 637. Upon this point, I do not believe that this Court is justified in taking a case away from the jury where the factors of decision are so numerous as to require estimates, comparisons, and co-ordination, whether of time, distance, or other accompanying circumstances, in order to reach the result. As to these, it is contemplated that reasonable minds may come to different conclusions. That is why such matters are left to the unanimous verdict of twelve men rather than the decision of a divided Court. The reasoning and result reached in *Smith v. Coach Co.,* 214 N. C., 314, 199 S. E., 90, and *Holland v. Strader,* 216 N. C., 436, 5 S. E. (2d), 311, should be determinative of the present case.

SCHENCK, J., concurs in this opinion.