STACY, C. J., concurring.
SEAWELL, J., dissenting.
SCHENCK, J., concurs in dissenting opinion.
DEVIN, J., dissents.
On 11 October, 1943, defendant's agent was operating one of defendant's regular passenger buses on Haywood Road in West Asheville. Plaintiff's agent was operating a Chevrolet truck loaded with about 800 feet of green oak lumber just to the rear of the bus. The bus passed over the West Asheville Bridge and went about 75 feet beyond the Haywood Road-Roberts Street intersection. It stopped suddenly about 75 feet beyond the usual bus stop at Roberts Street to permit a passenger to alight. The truck collided with the rear of the bus. Considerable damage to both the bus and the truck resulted and several passengers on the bus were injured.
Plaintiff alleges negligence in the operation of the bus. Defendant denies negligence and pleads contributory negligence on the part of the truck driver. Appropriate issues were submitted to and answered by the jury in favor of the plaintiff. There was judgment on the verdict and defendant appealed. *Page 690 
The primary question presented for decision is the correctness of the ruling of the court below denying defendant's motions to dismiss as in case of nonsuit.
It may be conceded that there was sufficient evidence of negligence on the part of the bus driver to repel the motion to dismiss. This narrows the inquiry to the issue of contributory negligence.
In considering a motion to dismiss as in case of nonsuit, decision is controlled by certain well-defined rules.
(1) When the defendant offers testimony, his exception first entered at the conclusion of the testimony for the plaintiff is waived and only the exception noted at the close of all the evidence may be urged or considered. Nash v. Royster, 189 N.C. 408, 127 S.E. 356; Harrison v. R.R., 194 N.C. 656, 140 S.E. 598.
(2) When, as here, the question arises on motion made at the conclusion of all the evidence, it is to be decided upon consideration of all the testimony. G.S., 1-183. This rule, however, is subject to certain limitations: (a) The evidence is to be taken in the light most favorable to the plaintiff and he is entitled to the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom. Lincoln v. R. R., 207 N.C. 787, 178 S.E. 601; White v. R.R., 216 N.C. 79, 3 S.E.2d 310; Coltrain v. R. R., 216 N.C. 263,4 S.E.2d 853; Blalock v. Whisnant, 216 N.C. 417, 5 S.E.2d 130;Barnes v. Wilson, 217 N.C. 190, 7 S.E.2d 359; Coach Co. v. Lee,218 N.C. 320, 11 S.E.2d 341; Plumidies v. Smith, 222 N.C. 326,22 S.E.2d 713. In this connection it may be said that it is presumed reasonable men draw reasonable conclusions. So that the inferences contemplated are logical inferences reasonably sustained by the evidence when considered in the light most favorable to the plaintiff. (b) So much of the defendant's evidence as is favorable to the plaintiff or tends to explain or make clear that which has been offered by the plaintiff may be considered, but (c) That which tends to establish another and a different state of facts or which tends to contradict or impeach the evidence offered by plaintiff is to be disregarded. Otherwise, consideration would not be in the light most favorable to plaintiff. S. v. Fulcher, 184 N.C. 663,113 S.E. 769; Harrison v. R. R., supra; Hare v. Weil, 213 N.C. 484,196 S.E. 869; Sellars v. Bank, 214 N.C. 300, 199 S.E. 266; Crawford v.Crawford, 214 N.C. 614, 200 S.E. 421; Funeral Home v. Insurance Co.,216 N.C. 562, 5 S.E.2d 820; Godwin v. R. R., 220 N.C. 281,17 S.E.2d 137. *Page 691 
(3) A judgment of involuntary nonsuit on the grounds of contributory negligence will not be sustained or directed unless the evidence is so clear on that issue that no other conclusion seems to be permissible.Pearson v. Luther, 212 N.C. 412, 193 S.E. 739; Manheim v. Taxi Corp.,214 N.C. 689, 200 S.E. 382; Godwin v. R. R., supra; Gregory v.Insurance Co., 223 N.C. 124. For authorities other than those cited reference may be had to the annotations following G.S., 1-183.
Giving the plaintiff the full benefit of the rules just stated, we are of the opinion the evidence is such that the motion for judgment as in case of nonsuit should have been sustained.
Plaintiff's driver was operating a loaded truck within 20 feet of the bus ahead. The street was 25 or 30 feet wide. There was an open space of 12 to 17 feet to the left of the bus, and there was no oncoming traffic. The loaded truck traveling at 20 or 25 m.p.h. could not be stopped in less than 25 or 30 feet, a distance greater than that at which the truck was trailing the bus. Beck v. Hooks, 218 N.C. 105, 10 S.E.2d 608. Plaintiff's driver saw the bus begin to stop and as it began to stop, he applied his brakes with full force. Even so, he was so near the bus and was going at such a rate of speed that he could neither turn to the left and use the available space nor stop before colliding with the bus. Instead, he struck the bus with such force that he knocked it 24 or 25 feet ahead. (Plaintiff's driver testified that the distance he knocked it was stepped off by another and defendant offered a witness who testified in explanation that it "stepped off" 24 or 25 feet.) The impact was such that the front portion of the truck was practically demolished and the bus was badly damaged, the plaintiff estimating the damage to the truck alone to be $700. After "slamming on his brakes" in attempting to stop when he saw the bus was in the act of so doing, he traveled the intervening 20 feet plus the distance the truck knocked the bus, less about 4 feet. These facts speak louder than words. Powers v. Sternberg, 213 N.C. 41, 195 S.E. 88.
It is true plaintiff's agent testified he was traveling 20 m.p.h. 20 feet behind the bus but neither speed nor distance was measured. On this record they are matters of opinion. In any event, this fact is apparent: when the emergency caused by the sudden stopping of the bus arose, he could neither turn to the left nor stop in time to avoid a collision.
It would seem, therefore, the conclusion that plaintiff's driver was operating the truck so near to the bus and at such a rate of speed as would and did create a hazard it was his duty, in the exercise of ordinary care, to guard against and avoid is inescapable. Thus the hazard he helped to create produced the damage for which plaintiff seeks compensation. Tarrantv. Bottling Co., 221 N.C. 390, 20 S.E.2d 565; Sibbitt v. TransitCo., 220 N.C. 702, 18 S.E.2d 120; Beck v. Hooks, *Page 692 supra; Godwin v. R. R., supra; Absher v. Raleigh, 211 N.C. 567,190 S.E. 897; Wright v. Grocery Co., 210 N.C. 462, 187 S.E. 564; Austin v.Overton, 222 N.C. 89, 21 S.E.2d 887.
The judgment below is
Reversed.