KAREN P. PERKINS v. WILLIAM N. PERKINS

No. 94-1364

(Filed 7 November 1995)

**Divorce and Separation § 409 (NCI4th)— child support—interpretation of provision based on pleading in prior action**

The trial court properly construed a provision in the parties' separation agreement to mean that defendant would provide child support as long as each child was in college but not after each turned twenty-two or got married where the trial court based this conclusion in part on a verified pleading filed by defendant in a prior proceeding to modify child support in which he specifically alleged the intent of the parties.

**Am Jur 2d, Divorce and Separation § 1037.**

Appeal by defendant from order entered 19 September 1994 by Judge William M. Cameron in Onslow County District Court. Heard in the Court of Appeals 13 September 1995.

*Lana S. Warlick for plaintiff-appellee.*

*Donald G. Walton, Jr. for defendant-appellant.*

PER CURIAM

The issue in this appeal is the proper construction of a paragraph found in a separation agreement and property settlement entered into by the parties on 5 November 1992 and incorporated into judgment entered 12 November 1992. The paragraph provides:

**PERKINS v. PERKINS**

[120 N.C. App. 638 (1995)]

Husband shall pay to wife for the maintenance and support of his children the sum of $1,000.00 per month, said sum to be paid on or before the first day of each calendar month beginning November 1, 1992, and continuing thereafter in a like amount until each child marries, *otherwise becomes emancipated*, finishes college, or attains the age of twenty-two (22) years, whichever shall first occur. (emphasis added)

Defendant argues the italicized words terminate his support duty when each child reaches the age of 18. The trial court rejected this argument and found the phrase to be ambiguous. The court then concluded that it was the intent of the parties that the support continue as long as each child was in college but not after each turned twenty-two or got married. This conclusion was based in part on a verified pleading filed by defendant in a prior proceeding to modify child support in which he alleged the intent of the parties was "that if a child was enrolled in and attending college then defendant would pay child support for that child until that child graduated from college or attained the age of twenty-two years."

We affirm the decision of the trial court. We find defendant's construction illogical, and will not allow him to take a position contrary to one he asserted in an earlier proceeding. "[H]is mouth is shut, and he shall not say, that is not true which he had before in a solemn manner asserted to be the truth." *Crawford v. Crawford*, 214 N.C. 614, 618, 200 S.E. 421, 423 (1939) (quoting *Armfield v. Moore*, 44 N.C. 157, 161 (1852)).

Affirmed.

Panel Consisting of:

Judges EAGLES, LEWIS and JOHN