CECELIA G. WHITLEY v. WILLIAM EARL HARDING

No. 702SC456

(Filed 30 December 1970)

Automobiles § 79— intersection accident — contributory negligence

In this action for damages resulting from an intersection collision, plaintiff's evidence disclosed her contributory negligence as a matter of law where it tended to show that she approached the intersection on a servient street, stopped beside the stop sign, pulled forward to a point where she could see up and down the dominant street, looked in both directions and saw nothing coming, then started through the intersection and was struck in the left side by defendant's automobile, plaintiff having failed to see what she should have seen.

APPEAL by plaintiff from *James, Judge of the Superior Court,* 4 May 1970 Session, BEAUFORT Superior Court.

This is a civil action, arising out of an intersection collision, to recover damages for personal injury alleged to have been suffered as a proximate result of negligence of defendant in the operation of his motor vehicle. At the close of plaintiff's evidence, upon motion of defendant, the trial judge directed a verdict for defendant upon the grounds that plaintiff's evidence disclosed her contributory negligence as a matter of law.

Plaintiff's evidence tended to show the following: On 13 January 1968 at about 11:15 a.m., plaintiff was driving south on Washington Street and defendant was driving west on Fifth Street in the town of Washington, North Carolina. Washington Street is an unpaved street, and traffic traveling south on Washington Street is controlled by a stop sign at its intersection with Fifth Street. Fifth Street is also highway 33, and is a paved sixty foot wide street. Plaintiff approached the intersection and stopped beside the stop sign. She then pulled forward to a point from which she could see up and down Fifth Street. She looked in both directions on Fifth Street and saw nothing coming. She started through the intersection and was struck in her left side by defendant.

From the directed verdict for defendant, plaintiff appealed.

*LeRoy Scott for plaintiff.*

*James, Speight, Watson & Brewer, by W. W. Speight for defendant.*

BROCK, Judge.

On direct examination plaintiff testified as follows: "I came out to where the cars were sitting and looked down Fifth Street both ways. I didn't see anything coming so I attempted to go across the street. I started and I attempted to go across Washington and Fifth Streets, and when I got in the center, that is when the car hit me." Still on direct examination, she testified: "I was already out in the center of Fifth Street, all the way out there, when I first saw the defendant approaching. Yes, I saw him coming for some little distance before he got to me, he was running fast." And again on direct examination she testified: "I say I saw the car at least half a block away. I would estimate it was about half a block I saw it but I was already out then."

Apparently when plaintiff "came out to where the cars were sitting" she could see up and down Fifth Street. She said she looked both directions on Fifth Street and saw nothing coming. There is no evidence to indicate that her view up and down Fifth Street was limited after she moved out "to where the cars were sitting." All of her evidence shows that defendant was in fact approaching the intersection on Washington Street, and the reasonable inference is that plaintiff failed to see what she should have seen before she undertook to traverse the intersection.

We think plaintiff's conduct falls within the rule of *Clayton v. Rimmer*, 262 N.C. 302, 136 S.E. 2d 562. Here also we think plaintiff failed to see that which she should have seen, and in so failing she was contributorily negligent.

The directed verdict for defendant is

Affirmed.

Judges MORRIS and VAUGHN concur.