RONALD DALE RIDDICK, ADMINISTRATOR OF THE ESTATE OF PATRICIA RHEA RIDDICK v. BARRY KEITH WHITAKER AND ALMA LANDING WHITAKER

No. 716SC591

(Filed 12 January 1972)

**1. Rules of Civil Procedure § 50— motion for directed verdict — consideration of evidence**

When motion for directed verdict is made at the conclusion of the evidence, the trial court must determine whether the evidence, taken in the light most favorable to the plaintiff and giving the plaintiff the benefit of every reasonable inference, is sufficient.

**2. Rules of Civil Procedure § 50— directed verdict — contributory negligence of plaintiff**

A directed verdict on the ground that plaintiff's evidence reveals contributory negligence as a matter of law is proper only when contributory negligence is so clearly established that no other conclusion can reasonably be reached.

Riddick v. Whitaker

3. **Automobiles § 80— making U-turn on highway — contributory negligence**

Plaintiff's evidence established his decedent's contributory negligence as a matter of law, where the evidence, viewed in the light most favorable to the plaintiff, tended to show that the decedent attempted to make a U-turn on a narrow highway in the nighttime and thereby blocked both lanes of travel to oncoming traffic.

APPEAL by plaintiff and defendants from *Cowper, Judge,* April 20, 1971 Session of HERTFORD Superior Court.

This is a civil action asking damages for the alleged wrongful death of plaintiff's intestate, who was 19 years old. Alma Landing Whitaker was the owner of the automobile driven by Barry Whitaker as her agent, and this automobile was in collision with an automobile driven by decedent and owned by her husband.

At the trial plaintiff's evidence tended to show that the decedent, together with her husband and another couple, were at a restaurant in Williamston on the night of 16 August 1970. The defendant, Barry Whitaker, and his wife, were also at the restaurant. At about 11:30 p.m., all of them left the restaurant to go to the Riddick residence in Ahoskie. The two men were in the rear seat and the two women in the front seat of the Riddick car. Barry Whitaker and his wife were to follow in the Whitaker car. Decedent began driving north on Highway 13, and after driving some distance, it was noticed that Whitaker's automobile was not in sight. Decedent pulled the automobile off the road on the right-hand side and waited. After a minute or so it was decided that they should go back to see if Whitaker had had some trouble. Decedent started to turn around on the open highway in the nighttime. She pulled the automobile across the road with the front wheels off the left-hand side of the road almost in the ditch. As she put the automobile in reverse gear, it stalled. The headlights of Whitaker's automobile appeared around a turn at this time. Decedent started the automobile and backed up to complete her turn. The left rear wheel of the Riddick automobile was on or near the center line of the highway, and before the turn could be completed, Whitaker's automobile collided with it. Plaintiff's intestate died as a result of the collision.

There was evidence that Whitaker had been drinking on the night of the accident and that he had been driving at ap-

proximately 75 to 80 miles per hour immediately prior to the collision.

The defendants moved for a directed verdict at the close of plaintiff's evidence. The motion was denied.

Defendants put on no evidence and again moved for a directed verdict which was denied.

The jury found in favor of the plaintiff and awarded damages in the amount of $1,500. The defendants moved for a judgment notwithstanding the verdict and it was denied.

The plaintiff moved to set the verdict aside for inadequate damages. The motion was denied. The plaintiff moved for a new trial on the issues of damages. This motion was denied.

Judgment was entered on the verdict. Both the plaintiff and the defendants appeal.

*Cherry, Cherry and Flythe by Joseph J. Flythe for plaintiff appellant and plaintiff appellee.*

*Jones, Jones & Jones by L. Bennett Gram, Jr., for defendants appellant and defendants appellee.*

CAMPBELL, Judge.

The plaintiff has brought two questions to this Court. Our decision on defendants' appeal makes it unnecessary to consider the questions raised by plaintiff.

The defendants raise the following question on appeal:

1. Did the trial court commit error in denying defendants' motion for directed verdict and judgment notwithstanding the verdict?

[1, 2] When a motion for directed verdict is made at the conclusion of the evidence, the trial court must determine whether the evidence, taken in the light most favorable to the plaintiff and giving the plaintiff the benefit of every reasonable inference, is sufficient. *Sawyer v. Shackleford,* 8 N.C. App. 631, 175 S.E. 2d 305 (1970). In the instant case defendants concede their negligence but say that plaintiff's evidence reveals contributory negligence as a matter of law. On such a contention, a directed verdict is proper only when contributory negligence is so clearly established that no other conclusion can reasonably

be reached. *Atkins v. Transportation Co.*, 224 N.C. 688, 32 S.E. 2d 209 (1944).

[3] Viewed in the light most favorable to the plaintiff, the evidence shows that decedent attempted to make a turn on a highway, in the nighttime, at approximately 12:30 a.m. When she began the turn, no headlights or other automobiles were visible. The road was only 21 feet wide and of insufficient width to permit a U-turn. She pulled the automobile across the road as far as possible to the west side without going into the ditch. At that point the automobile stalled. One of the occupants of the rear seat testified that when the automobile stalled, he saw headlights rounding the curve from the south. Decedent restarted the automobile and backed east across the road until the left rear wheel was on the center line. Thus both lanes of travel on this two-lane road were effectively blocked. Decedent either saw the oncoming vehicle and ignored it or failed to see what she should have seen. At any rate she blocked the highway with her car crossways of the highway.

Plaintiff's evidence establishes decedent's contributory negligence as a matter of law. No other inference could reasonably be drawn from the facts in this case. *Clayton v. Rimmer*, 262 N.C. 302, 136 S.E. 2d 562 (1964). *Whitley v. Harding*, 10 N.C. App. 282, 178 S.E. 2d 139 (1970).

It is not necessary to consider the questions raised by plaintiff's appeal.

The defendants, after denial of their motion for directed verdict, moved in apt time for judgment notwithstanding the verdict. The motion should have been allowed.

Reversed.

Judges MORRIS and PARKER concur.